276 F.2d 215
 Florine W. LANGFORD, Individually, and as Natural Guardian of Margaret Langford, Minor, Appellant,
v.
Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States, Appellee.
 No. 18003.
 United States Court of Appeals Fifth Circuit.
 March 22, 1960.
 
 Wyman C. Lowe, Atlanta, Ga., for appellant.
 William C. Calhoun, U. S. Atty., Augusta, Ga., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for appellee.
 Before RIVES, Chief Judge, and JONES and BROWN, Circuit Judges.
 JOHN R. BROWN, Circuit Judge.
 
 
 1
 Here we deal with a belated administrative appeal from a decision of a referee of the Department of Health, Education and Welfare[1] to its Appeals Council.
 
 
 2
 The administrative proceedings date back to 1951. In April of that year, Florine Langford, as guardian of her adopted daughter, applied for child insurance benefits based on the wage record of her deceased husband. Her claim was predicated on the theory that the child was "equitably adopted" by them prior to the death of her husband.[2] A department referee held an informal hearing on the application. Mrs. Langford was not represented by counsel at the hearing. On July 31, 1951, the referee rejected the claim. In a letter transmitting a copy of his decision, the referee informed Mrs. Langford of her right to request a review by the Appeals Council of the Social Security Administration. He reported that "such request, however, must be made in writing and filed within thirty days from the date of this letter * * *." No action was taken for nearly six years.
 
 
 3
 In May 1957 Mrs. Langford filed with the Appeals Council a "Request for Review of Referee Decision" denying her claim. She attempted to show good cause for delay in a long letter and attached affidavit requesting an extension of time so that her appeal would be timely. The Appeals Council dismissed the request for extension of time and for review because it was filed "more than five years and nine months beyond the thirty-day period provided for such filing." Further, an inter-office memorandum concurred in by members of the Appeals Council stated, "* * * [C]laimant has not * * * shown `good cause' for extension of time to request review. Although several years have now elapsed since the hearing in June 1951 the claimant merely contends that she was in a confused state of mind for several months after the hearing."
 
 
 4
 From the administrative action refusing her request for an extension of time and for review, claimant appealed to the District Court. The District Court dismissed the complaint.
 
 
 5
 The Social Security Act, 42 U.S.C.A. § 301 et seq., directs the Secretary to make findings of fact and decisions as to the rights of any individual applying for benefits, § 405(b). After a hearing, the findings and decisions of the Secretary are binding on all individuals who were parties to the hearing. § 405(h). However, a party may secure judicial review "after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, * * * by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." § 405(g).[3]
 
 
 6
 The dominant theme of the Secretary, repeated with an uncritical regard to its application to this case, is that the District Court lacks jurisdiction as there was no "final" administrative decision. Reviewed by the Appeals Council is necessary to have a "final" (i. e. ultimate) decision from the Secretary within the meaning of § 405(g). Since the claimant did not request a review by the Appeals Council within the specified number of days, the argument continues, she failed to exhaust her administrative remedies to secure a "final" decision of the Secretary.
 
 
 7
 While the generality that judicial review is precluded until administrative remedies have been exhausted is unassailable, it simply does not concern this case. To overcome an adverse decision of a referee, review by the Appeals Council is provided. § 405(g). And request for review by the Appeals Council must be within the number of days specified or "within such further time as the Secretary may allow." § 405(g). Here it is undisputed that the request was not within the 30 (or 60) days specified. So the issue narrows to a consideration of "such further time as the Secretary may allow."
 
 
 8
 Through Regulations the Secretary has set forth the standard for granting extension of time to seek review. "Any party to * * * a decision of a referee * * * may petition for an extension of time for filing a request for * * * review * * * although the time for filing such request * * * has passed. For good cause shown * * * the Appeals Council * * * may extend the time for filing such request * * *." See Note 3, supra. Thus, the standard is "good cause" for the delay. Here the claimant attempted to show good cause for delay in her letter and attached affidavit asking for an extension of time. This accompanied her "Request for Review." The Appeals Council refused to extend the time and accordingly refused to review the merits. The propriety of this administrative decision declining to extend time and review the merits — which decision certainly is "final"[4] — is the sole basis for the appeal. Thus all administrative steps prescribed by the statute and the Regulations for orderly review of claims have been taken. Claimant has not attempted to avoid administrative remedies. Rather she has pursued every avenue and appeals to this Court from the decision of the very agency the Secretary claims she avoided.
 
 
 9
 Reliance by the Secretary on Coy v. Folsom, 3 Cir., 1955, 228 F.2d 276, 279-280, is misplaced. In that case there never was an appeal to the Appeals Council either within the 30 days or at any later time. The claimant entirely skipped the step of appealing to the Appeals Council for any relief — extension of time or review of the referee's decision. Thus, the Appeals Council never was afforded an opportunity to exercise its discretion as to whether there was "good cause" for delay. Here there was such an appeal.
 
 
 10
 Consequently, the issue posed in this case is simply whether the refusal by the Appeals Council to extend time and review the merits was unreasonable or arbitrary. Viewed in this light, we can find no abuse of discretion and affirm.
 
 
 11
 Claimant asserted as "good cause" for not filing for review of the referee's decision for nearly six years the fact that at the time of the hearing, at which she was not represented by counsel, she was in a confused state of mind from shock and grief due to her husband's death. Further, she was misled by the referee's letter accompanying his decision denying her relief as the letter informed her she had only thirty days in which to appeal. Not realizing that she had a right to seek an extension of time, she failed, due to her distraught state of mind, to take any action at all. Not until more than five years later did she learn of her right to request an extension of time. The denial of this request for an extension of time by the Appeals Council is assigned as error.
 
 
 12
 Good cause by its very nature calls for the evaluation of many subtle factors. Here Congress has given the task to the administrative agency experienced in dealing with claims to decide this in the first instance. And in the absence of an abuse of discretion, we must be bound by the administrative determination "* * * even though the court would justifiably have made a different choice had the matter been before it de novo." See N.L.R.B. v. Fant Milling Co., 1959, 360 U.S. 301, 309, 79 S.Ct. 1179, 1184, 3 L.Ed.2d 1243.
 
 
 13
 It is obvious that efficient administration of this welfare legislation requires that there should be some final and conclusive disposition of the claims of individuals for benefits under the Act. This is not inconsistent with the pattern of the legislation and implementing administrative regulation that to fulfill the social and economic purposes of the Act, the means of asserting rights to benefits may be quite informal. But the basic responsibility lies on the claimant to come forward or take some action to set the administrative wheels in motion to process its claim. If an adverse decision has been rendered, it is claimant's responsibility to register his disapproval and seek review. Naturally, this must be done within a reasonable time.
 
 
 14
 Here the delay in taking any action after receiving an unfavorable decision from the referee was over five years. Of course, stress and grief at the loss of a loved one may well have been a genuine explanation for not seeking immediate review. But whether it constitutes a legal justification for that prolonged delay is a question committed to the administrative agency. It is urged that subsequent review was not sought because the claimant was misled by the statement in the letter that she must seek some review within thirty days. The purpose of the letter, of course, was to help fully inform an unsuccessful claimant of a right to review and the time within which to seek the review. So far as a right to review, the letter notice was accurate. And the agency might well have considered, in judging good cause five years later, that an effort on the part of a referee to explain all of the possible avenues for discretionary review after expiration of the initial period would produce more confusion, uncertainty and delay in the operation of the statutory scheme. Also, that in any event, any such effort would run the risk of being an inadequate or inaccurate abbreviation of complex regulations. The Appeals Council, in its discretion, has decided that the claimant has not shown good cause for the over five-year delay. We cannot say as a matter of law that this determination was arbitrary or unreasonable.
 
 
 15
 The disposition we make of this case makes it unnecessary to deal with the contention of the Secretary that a Regulation[5] of the Department precludes the reopening of any matter where more than four years have expired from the date of notice to the claimant of the referee's decision. As we think the Appeals Council has exercised its discretion on the application for an extension of time, and that it has not abused its discretion, we need not pass on the validity of this Regulation.
 
 
 16
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Arthur S. Flemming, present Secretary of Health, Education and Welfare, has been substituted for the former Secretary, Marion B. Folsom
 
 
 [2]
 In April 1950, Florine Langford and her husband petitioned the appropriate Georgia court for adoption of the minor child. An Interlocutory Order entered on July 17, 1950, recited "that the petitioners are financially able and morally fit to have the care, supervision, training and education of said child" and accordingly granted them temporary custody of the child. Just two months later the husband died. A Final Order of Adoption of the child by Florine Langford was entered on February 19, 1951 — about five months after the husband's death
 
 
 [3]
 The Social Security Administration Regulations elaborate the channels of review within the department, the time periods, and the availability of extension of time
 
 
 [20]
 C.F.R. 403.710(b):
 "(b) Review of referee's decision * * (1) If a referee has made a decision * * * any party thereto may request the Appeals Council to review such decision * * *. The request for review shall be made in writing and * * * mailing notice of the referee's decision filed within 30 days from the date of * * *." (By amendment in 1957, the "30 days" was changed to "60 days.")
 
 
 [20]
 C.F.R. 403.711(a) (2):
 "(2) Any party to * * * a decision of a referee * * * may petition for an extension of time for filing a request for * * * review * * * although the time for filing such request * * * has passed. * * * The petition shall be in writing and shall state the reasons why the request * * * was not filed within the required time. For good cause shown * * * the Appeals Council * * * may extend the time for filing such request * * *."
 
 
 [4]
 Action by the Appeals Council — whether rendered after a full reconsideration of the issues or whether merely a decision declining to review the disposition by the Referee — is the "final decision of the Secretary" for purposes of judicial review. Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75; Goldman v. Folsom, 3 Cir., 1956, 246 F.2d 776; Norment v. Hobby, D.C.N.D.Ala.1953, 124 F.Supp. 489; Crooks v. Folsom, D.C.E.D.N.Y. 1957, 156 F.Supp. 631, 635; Shields v. Folsom, D.C.E.D.Pa.1957, 153 F.Supp. 733, 734
 
 
 [5]
 Social Security Administration Regulations No. 3, 20 C.F.R. 404.901 (1949 Ed. Supp.) provides:
 "With respect to the reopening of initial determinations, including * * * decisions of a referee * * *, the following statement of general policy and interpretation is adopted:
 "(1) Finality of determinations and decisions. * * * [a] decision of a referee * * * shall be final and binding upon the parties thereto except that such * * * decision may be reopened.
 "(a) Within six months from the date of the notice to the party to the initial determination * * *
 "(b) After such 6-month period, but within four years after the date of the notice to the party to the initial determination * * * upon a finding of good cause for reopening such * * * decision, or
 "(c) At any time when it appears that
 "(i) Such * * * decision was procured by fraud or similar fault of the claimant or some other person; or
 "(ii) An adverse claim has been filed against the same wage earner's account; or
 "(iii) An individual previously determined to be dead is found to be alive; or * * *."
 
 
 
 17
 JONES, Circuit Judge (concurring specially).
 
 
 18
 I agree that the issue in this case is whether the refusal by the Appeals Council to extend the time for review was unreasonable or arbitrary. I agree that it was not.