Frank **DINGUS**, Plaintiff,

v.

Abraham A. **RIBICOFF**, Secretary of Health, Education and Welfare, Defendant.

No. 647.

United States District Court E. D. Kentucky, Pikeville Division.

Aug. 3, 1961.

---

Thurman L. Hibbetts, Pikeville, Ky., for plaintiff.

Jean L. Auxier, U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

This action was brought under Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)) for review of what is alleged to be a final decision of the defendant.

The record is before the court on motion of the defendant to dismiss the complaint on the ground that the decision complained of is not a final decision within the meaning of the statute and, therefore, cannot be a proper subject of judicial review at this time. The defendant's motion is supported by the affidavit of Joseph E. McElvain, Chairman of the Appeals Council, who asserts therein that the Appeals Council has not as yet acted upon the plaintiff's request for review of the hearing examiner's decision which was adverse to the plaintiff. No opposing affidavit has been filed by the plaintiff.

The statute (42 U.S.C.A. § 405(g)) provides in part that "any individual, after any *final* decision of the Secretary made after a hearing to which he was a party, * * * may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * *" (Emphasis added.)

Since the adverse decision of the hearing examiner is subject to review and possible modification or reversal by the Appeals Council (see, e. g., Crooks v. Folsom, D.C., 156 F.Supp. 631), and since the plaintiff's appeal to that Council is yet to be acted upon, the decision of the hearing examiner is clearly not the final decision of the defendant. See Coy v. Folsom, 3 Cir., 228 F.2d 276, 280; Livingstone v. Folsom, 3 Cir., 234 F.2d 75, 77 note 3.

It follows that the complaint must be, and it is hereby, dismissed for the reason that the decision complained of is not final within the meaning of the statute and so is not a proper subject of judicial review.