John W. GARDNER, Secretary of Health, Education and Welfare, Appellant,

v.

Charles F. MOON, Appellee.

No. 18154.

United States Court of Appeals
Eighth Circuit.

May 12, 1966.

---

Frederick B. Abramson, Atty., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., and Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., and Theodore L. Richling, U. S. Atty., Omaha, Neb., for appellant.

Harold L. Rock, of Kutak, Rock & Campbell, Omaha, Neb., for appellee.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

MATTHES, Circuit Judge.

This is an appeal from the order of the district court denying motion of the Secretary of Health, Education and Welfare for summary judgment and remand-

ing the cause to the Secretary for a hearing on the merits of the claim.[1]

The background facts are not in dispute. Charles F. Moon, a medical doctor residing in Omaha, Nebraska, filed an application for old age insurance benefits under 42 U.S.C.A. § 402(a). The claim was denied on January 18, 1961, on the ground that claimant was not a fully insured individual within the meaning of the Act. Upon timely application, the claim was reconsidered and was again denied. The reconsidered determination was mailed to claimant on May 17, 1962, and a transmittal letter advised him of his right to request a hearing on his claim within a six month period from date of the notice. Claimant did not file such a request until March 21, 1963. Although the time for filing had expired, this belated request was treated as a petition for an extension of the six month filing period, under § 404.954(a) of the Social Security Administration, as amended, 20 C.F.R. § 404.954(a).

On June 3, 1963, the hearing examiner considering this petition ruled that claimant had not shown good cause for his failure to request a hearing within the prescribed six month period. On June 24, 1963, the Appeals Council upheld the examiner's ruling.

Pursuant to 42 U.S.C.A. § 405(g), claimant instituted this action in the United States District Court on August 7, 1963, for a judicial review of the above ruling. The Secretary, after an unsuccessful motion for dismissal of the action, filed an answer alleging that the court lacked jurisdiction, and contemporaneously moved for a summary judgment. As shown by affidavit, the Secretary's position was that summary judgment was proper because (1) claimant had failed to timely file a request for a hearing, and had failed to show "good cause" for extending the time and (2) that since claimant failed to comply with the regulation requiring the filing of a request for hearing within six months, a "final decision of the Secretary" has not been rendered entitling claimant to seek judicial review.

On June 11, 1965, the court entered an order reciting in part: "We have determined that the Secretary's findings on plaintiff's right to a hearing should be reversed and that the case should be remanded to the Secretary for a hearing upon the merits of the plaintiff's claim." The order, which was tantamount to a finding of an abuse of administrative discretion on the part of the Secretary, denied the motion for summary judgment, and remanded the case.

The Secretary has appealed.

In our view, the sole question for decision is whether the Secretary's determination that claimant had failed to show good cause for an extension of time to request a hearing constituted an abuse of discretion.[2]

42 U.S.C.A. § 405(b) provides that, subject to certain conditions, a claimant is entitled to a hearing with respect to an administrative decision, provided the request is filed within such period as may be prescribed in regulations of the Secretary, "except that the period so prescribed may not be less than six months after notice of such decision is mailed to the individual making such request." Pursuant to the rule-making power, as

1. The action was commenced against Secretary Anthony J. Celebrezze, On August 8, 1965, after order appealed from had been entered, Celebrezze was succeeded in office by John W. Gardner, at which time, pursuant to 42 U.S.C.A. § 405(g), Gardner was substituted for Celebrezze. Hereafter, the Secretary of Health, Education and Welfare will be referred to as Secretary, or appellant; and Charles F. Moon will be referred to as claimant, or appellee.

2. During the oral arguments, we expressed doubt as to our jurisdiction. This doubt was prompted by the recognized rule that an order denying a motion for a summary judgment is not a final decision under Title 28 U.S.C.A. § 1291. Upper Mississippi Towing Corp. v. West, 338 F.2d 822 (8 Cir. 1964). After considering memoranda of counsel, our doubts have been resolved, and we are satisfied that the order is a final decision within the meaning of Title 28 U.S.C.A. § 1291.

vested and delegated by 42 U.S.C.A. § 405(a), the Secretary has implemented the foregoing statutory provision by regulations, the validity of which are not challenged by appellee.

Section 404.918 of the Regulations, 20 C.F.R., specifies that the request "must be filed within 6 months after the date of mailing notice of the reconsidered determination to such individual, except where the time is extended as provided in 404.-612 [not applicable here] or 404.954." The request is subject to dismissal under 404.937, if the request is not timely filed. Under Regulation 404.954 any party to a reconsidered determination may petition for an extension of time for filing a request, and "[f]or good cause shown" a hearing examiner or the Appeals Council may extend the time for filing such request. Appellee seeks to bring himself within the "good cause" provision.

█ The regulations do not spell out the criteria or factors to be applied in resolving the question of good cause. But whether or not a claimant has made an adequate showing of good cause is clearly a matter addressed to the sound discretion of the administrative agency. We believe that Judge Brown has aptly stated the applicable principle in Langford v. Flemming, 276 F.2d 215, 219 (5 Cir. 1960):

> "Good cause by its very nature calls for the evaluation of many subtle factors. Here Congress has given the task to the administrative agency experienced in dealing with claims to decide this in the first instance. And in the absence of an abuse of discretion, we must be bound by the administrative determination '* * * even though the court would justifiably have made a different choice had the matter been before it de novo.' See N. L. R. B. v. Fant Milling Co., 1959, 360 U.S. 301, 309, 79 S.Ct. 1179, 1184, 3 L.Ed.2d 1243."

Courts cannot properly direct or compel an extension of time by the Secretary absent an abuse of discretion or arbitrary or unreasonable action. Rosen v.

Celebrezze, D.C.N.D. New York, CCH Unemployment Insurance Reporter, Para. 16,133 (Jan. 22, 1964), and cf., Bomer v. Ribicoff, 304 F.2d 427 (6 Cir. 1962).

As previously stated, appellee failed to comply with the six months filing requirement. He made no attempt to request a hearing on his claim until March 21, 1963, more than ten months after he had been duly notified of the six months limitation period. Appellee's basis for establishing good cause appears in his statement submitted under date of March 18, 1963, in which he averred that he had injured a vertebra on June 10, 1962. "I postponed treatment of the injury because on June 18, 1962 I was to be the speaker and honored guest of the National Phi Rho Sigma Fraternity and the recipient of its Honorary Gold Medal Award for Service. Since there have been, I believe, only six of these awards made, I felt a strong obligation and it seemed imperative that I attend." Appellee entered a hospital on June 21 and was not discharged until July 18, 1962. Thereafter he was bedridden in his home. However, in mid-December his condition improved. On January 28, 1963, he was again hospitalized for a cataract operation, and remained in the hospital until February 4. Appellee concluded his statement with the explanation: "These disabilities, interruptions, and distractions were the reason for the delay in filing my request for hearing before a hearing examiner on my claim for Old Age and Survivor Insurance Benefits."

█ Perhaps the District Judge was prompted to reverse and remand for a hearing on the merits because he believed that appellee had shown good cause for an extension of the filing period under 20 C.F.R. § 404.954(a). But the court was not permitted to review the question de novo. The question is, did the Secretary act arbitrarily in denying the request? We do not think so.

Although claimant was not represented by counsel, his educational and professional background dictates the conclusion that he manifestly comprehended the

meaning of the letter of May 17, 1962. According to this record, there was nothing to prevent him from filing the request during the period of more than thirty days from the date he received the notice and the date he entered the hospital on June 18. We need not further discuss the facts relied upon to establish good cause. They were considered by the Secretary and have received our attention. We cannot say as a matter of law that the Secretary's determination was arbitrary or unreasonable.

The order appealed from is reversed and the cause is remanded with directions to dismiss the action.