**John C. CLOW, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**No. 64-C-330.**

United States District Court
E. D. Wisconsin.

Aug. 3, 1966.

John J. McRae and William E. Mc-Carty, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Thomas Weil, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action brought by the plaintiff, John C. Clow, asking this court to reverse a decision of the Appeals Council of the Social Security Administration, which decision upheld a hearing examiner's dismissal order declining to reopen a reconsideration determination.

This case is presently before the court upon the motion of defendant, John W. Gardner, Secretary of Health, Education, and Welfare, to dismiss for the following reasons: (1) This court lacks jurisdiction over the subject matter, (2) the plaintiff failed to timely exhaust his administrative remedies, and (3) the complaint fails to state a claim upon which relief can be granted.

The following background facts are pertinent.[1] On March 14, 1958, the plaintiff, John C. Clow, filed an application for old-age insurance benefits. On June 9, 1958, he was found entitled to monthly benefits effective March 1958 in the amount of $107.90. (This amount was later increased to $115.00, effective January 1959, pursuant to the 1958 amendments to the Social Security Act.) However, payment of benefits for the months of March through August 1958 was withheld because of plaintiff's continued work activity and earnings in excess of the amount permitted under the Social Security Act. Said monthly benefits were reinstated beginning with September 1958, upon receipt of notice that the plaintiff was no longer earning over $100.00 per month or rendering substantial services in self-employment. Said benefits were paid to the plaintiff through April 1962, at which time they were suspended, allegedly due to the receipt of information that the plaintiff's earnings were in excess of $100.00 per month.

On November 1, 1962, the Social Security Administration Payment Center notified the plaintiff that it had been determined (1) that he had earnings in excess of $100.00 per month during the years 1958, 1959, 1960, and 1961; (2) that he had received a total overpayment of $3,-661.60 in Social Security benefits; (3) that certain earnings reported for his wife were in fact plaintiff's earnings and must be included in determining the deductions imposable against his benefits; and (4) that an additional deduction was being made because the plaintiff did not file an annual report of earnings within three and one-half months after the close of each taxable year. This determination was affirmed in a reconsideration determination dated February 28, 1963. On that date a copy of the reconsideration determination was sent to plaintiff

---

1. These facts are taken in large part from an affidavit of Joseph E. McElvain, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare, dated January 15, 1965.

with a covering letter which provided, in part, as follows:

"* * * If you believe that the Reconsideration Determination is not correct, you may request a hearing before a hearing examiner of the Social Security Administration. If you want a hearing you must request it not later than six months from the date of this notice. * * * "

On June 1, 1964, plaintiff submitted a letter or brief requesting a reopening of the payment center determination of February 28, 1963, setting forth reasons in support thereof. On June 19, 1964, plaintiff was advised that said determination was, upon re-examination of the file, found to be correct and that his request was therefore denied.

On June 25, 1964, plaintiff filed a request for a hearing. This was more than six months after the reconsideration notice of February 28, 1963. A hearing examiner of the Bureau of Hearings and Appeals on July 24, 1964, issued an order dismissing the plaintiff's request for hearing as not timely filed and finding that "good cause" for extending the time for filing a request had not been shown.

On August 24, 1964, the plaintiff filed a request for review of the hearing examiner's dismissal order and submitted therewith a letter or brief, together with enclosures, setting forth in detail his reasons in support of his request for review. Plaintiff submitted a supplemental statement on September 14, 1964, to further show that "good cause" existed for his failure to timely file a request for hearing. The Appeals Council, after considering the briefs submitted by plaintiff, denied plaintiff's request for review of the hearing examiner's dismissal order and sent a copy of said denial to the plaintiff on September 28, 1964. On November 17, 1964, plaintiff commenced this action seeking judicial review of the Appeals Council's denial of his request for review of the hearing examiner's dismissal order.

This is a suit brought against an officer of the federal government in his official capacity. Under the doctrine of sovereign immunity, this court has jurisdiction over the subject matter of this suit only if Congress has consented to this suit. Such consent may be manifested by statutory authorization. Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), provides in relevant part as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * "

Under this statute Congress allows judicial review of a final decision of the Secretary within sixty days after the mailing of notice of such decision or "within such further time as the Secretary may allow."

The Secretary has indicated by administrative regulation what further time he will allow. Sections 404.917 and 404.918, 20 C.F.R., provide in pertinent part that an individual is entitled to a hearing with respect to any matter designated in 20 C.F.R. § 404.905 [2] after a reconsidered determination has been made provided that a written request for hearing is filed within six months after the date of mailing notice of the reconsidered determination. Section 404.954, insofar as relevant here, deals with an individual who has not filed a written request for hearing within the aforementioned six months:

"(a) * * * Any party to a reconsidered determination * * * may petition for an extension of time for filing a request for hearing * * * although the time for filing such request * * * has passed. If an extension of the time fixed by § 404.918 for requesting a hearing before a hear-

---

2. Such a matter is involved here.

ing examiner is sought, the petition may be filed with a hearing examiner. * * * The petition shall be in writing and shall state the reasons why the request * * * was not filed within the required time. For good cause shown, a hearing examiner * * * may extend the time for filing such request * * *."

If a hearing examiner denies a petition for extension of time made pursuant to § 404.954, the Appeals Council may nonetheless reopen the reconsidered determination under § 404.957:

"(a) Within 12 months from the date of the notice of the initial determination * * * to the party to such determination, or

"(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination * * * to the party to such determination, upon a finding of good cause for reopening such determination * * *."

"Good cause" exists, according to § 404.958, when:

"(a) New and material evidence is furnished after notice to the party to the initial determination;

"(b) A clerical error has been made in the computation or recomputation of benefits;

"(c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based."

In this case the plaintiff did not seek review within six months after the reconsidered determination was mailed to him on February 28, 1963. He did, however, request a hearing pursuant to the provisions of § 404.954 on June 25, 1964. This petition was dismissed by a hearing examiner on July 24, 1964. The hearing examiner found that "good cause" for filing a request had not been shown.

Plaintiff then filed a request for review of the hearing examiner's dismissal order by the Appeals Council pursuant to § 404.957. He submitted briefs attempting to show in detail that "good cause" to reopen existed. The Appeals Council denied the plaintiff's request for review because according to the Chairman of the Appeals Council "plaintiff had advanced no reasons establishing 'good cause' justifying his failure to timely file a request for hearing." Within sixty days plaintiff commenced an action in this court.

█ The Secretary argues [3] that this court lacks jurisdiction since there was no "final" administrative decision within the meaning of 42 U.S.C. § 405(g). Review by the Appeals Council is needed to have a "final" decision of the Secretary within the meaning of § 405(g). Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960). Plaintiff did not request a hearing before a hearing examiner within the specified number of days after receiving notice of the reconsideration determination. Such a hearing would be preliminary to review by the Appeals Council. Thus, the issue before this court under § 405(g) narrows to a consideration of "such further time as the Secretary may allow."

█ The Secretary, through administrative regulations previously quoted, has set the standard for granting an extension of time to seek review. The standard according to 20 C.F.R. §§ 404.954 and 404.957 (insofar as is here relevant) is "good cause" for the delay. Langford v. Flemming, supra, at 218. According to the affidavit of the Chairman of the Appeals Council, plaintiff tried to show "good cause" before both the hearing examiner and the Appeals Council. He in fact submitted briefs attempting to document his belief that there was "good cause" for the delay. The hearing examiner found that plaintiff had not shown "good cause" for his delay. The correctness of this administrative deci-

---

3. The Secretary's argument is taken from the affidavit of Joseph E. McElvain, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare, dated January 15, 1965.

sion declining to extend time and review the merits is the sole ground for plaintiff's appeal to this court. This decision certainly is "final" within the meaning of 42 U.S.C. § 405(g). Clark v. Celebrezze, 344 F.2d 479, n. 1 at 480 (1st Cir. 1965). As the court said in Langford v. Flemming, supra, n. 4 at 218 of 276 F.2d

"Action by the Appeals Council— whether rendered after a full reconsideration of the issues or whether merely a decision declining to review the disposition by the Referee—is the 'final decision of the Secretary' for purposes of judicial review. Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75; Goldman v. Folsom, 3 Cir., 1956, 246 F.2d 776; Norment v. Hobby, D.C. N.D.Ala.1953, 124 F.Supp. 489; Crooks v. Folsom, D.C.E.D.N.Y.1957, 156 F.Supp. 631, 635; Shields v. Folsom, D.C.E.D.Pa.1957, 153 F.Supp. 733, 734."

■ Plaintiff, therefore, has exhausted all administrative steps prescribed by statute and regulations for orderly review of his claim that there exists "good cause" for his delay. On this limited issue then this court has jurisdiction over the subject matter of the complaint, and the complaint states a claim upon which relief may be granted.

■ Obviously we feel that the reasoning of Langford v. Flemming, supra, is superior to that of Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963), in that § 405(g) means just what it says when it authorizes review of "any final decision" of the Secretary. There is no basis in reason for interpreting "any final decision" to mean only those final decisions which are of the type mentioned in § 405 (b). We must give to the words of Congress in § 405(g) their obvious interpretation.

We do not believe that the case of Jamieson v. Folsom, 311 F.2d 506 (7th Cir. 1963), touches the precise issue involved in this case. In that case the district court reversed a decision of the Secretary as to "waiver" under § 404(b) and remanded the cause to the Secretary for further hearing. The district court then lost jurisdiction of the cause after in effect issuing an order for a new trial. The Secretary upon remand decided against the plaintiff. This decision of the Secretary was a final appealable order. However, the plaintiff did not appeal within the sixty days during which he was entitled to appeal. Instead he filed a number of motions with the district court, all of which were denied as moot since the district court had lost jurisdiction.

After the sixty day time limit had expired, plaintiff finally appealed the Secretary's decision upon remand. The Seventh Circuit held that since plaintiff did not file his action to review the Secretary's order within the sixty days provided by statute, his right to such review ceased. However, in the case at bar the precise issue is whether a final decision of the Secretary that "good cause" does not exist to grant an extension of time is subject to judicial review. Unlike the plaintiff in *Jamieson*, the plaintiff presently before this court did file an action in this court within sixty days of the Appeals Council's decision denying his request for review of the hearing examiner's dismissal order.

■ The scope of our review in this case does not extend to the merits. It is limited to whether or not the Appeals Council's finding that there was not "good cause" for delay was proper. It is subject to all the limitations governing judicial review of any administrative order. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

For the foregoing reasons,

It is ordered that the motion to dismiss of defendant, John W. Gardner, Secretary of Health, Education, and Welfare, be and the same is hereby denied. The defendant is directed to answer the complaint and instructed to submit the record below.