**John C. CLOW, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**No. 64–C–330.**

United States District Court
E. D. Wisconsin.

June 30, 1967.

---

William E. McCarty, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Thomas E. Weil, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action in which plaintiff seeks to review a determination of the defendant relating to the overpayment of old age benefits under the Social Security Act, made to the plaintiff by the Social Security Administration.

The history of proceedings before the Social Security Administration was detailed in an opinion and order dated August 3, 1966, which denied defendant's motion to dismiss. Clow v. Gardner, 257 F.Supp. 148 (E.D.Wis.1966). That opinion held that this court has jurisdiction to review the defendant's determination that there was no good cause shown to extend the six-month period in which plaintiff could have requested a hearing * concerning the determination that overpayments were made to plaintiff because earnings reported by plaintiff's wife were in fact attributable to plaintiff's earnings record, thereby increasing his earnings beyond the amount allowed by the Act.

The case is presently before the court on cross motions for summary judgment. The critical issue is whether good cause has been shown so as to entitle plaintiff to have a hearing before the Administration relative to the amount of his earnings during the period in question.

The basis for determining that the plaintiff's earnings were in excess of the amount permitted under the Act was that during the time in question plaintiff's excess earnings were derived by his employment as manager of the Sorella Apartments. Plaintiff's position is that he relinquished that position prior to the time in dispute and that his wife assumed the management and custodial duties of the apartment building.

The plaintiff now claims that new and material evidence, constituting good cause under 20 C.F.R. § 404.958, is present in this case in the form of letters by the owner's agent and by certain tenants of the Sorella which tend to show that plaintiff's wife was the manager and custodian during the disputed period. This evidence became available after the initial determination

---

* A request for a hearing was made sixteen months after the determination.

had been made by the Administration. 20 C.F.R. § 404.957(b). On reviewing the entire record, this Court is not satisfied the proffered evidence constitutes new and material evidence.

To reverse the Secretary's determination and remand the matter for a hearing on the matter is tantamount to finding an abuse of discretion on the Secretary's part in determining that good cause had not been shown to warrant an extension of time for requesting a hearing. Even though this Court, considering the matter de novo, may reach a different conclusion than that reached by the Administration, it holds that the question of good cause is committed to the administrative agency and no abuse of discretion has been shown. Gardner v. Moon, 360 F.2d 556 (8th Cir. 1966).

For the foregoing reason,

It is ordered that plaintiff's motion for summary judgment must be and it is hereby denied.

It is further ordered that defendant's motion for summary judgment must be and it is hereby granted. The clerk is directed to enter judgment in favor of the defendant and against the plaintiff, dismissing the action.