**Lucille S. THOMAS, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education & Welfare, Defendant.**

**No. LR–67–C–70.**

United States District Court

E. D. Arkansas, W. D.

Sept. 8, 1967.

---

Charles R. Ledbetter, Fort Smith, Ark., for plaintiff.

J. Winston Bryant, Asst. U. S. Atty., Eastern District of Arkansas, Little Rock, Ark., for defendant.

Memorandum and Order of Dismissal

HENLEY, Chief Judge.

This is an action brought under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to secure judicial review of a ruling of the Social Security Administration to the effect that plaintiff, Mrs. Lucille S. Thomas, is not entitled to disability benefits under the Act. The cause is before the Court on the Government's motion to dismiss.

Ultimately, the question for decision is that presented in Gardner v. Moon, 8 Cir., 360 F.2d 556, and in Langford v. Flemming, 5 Cir., 276 F.2d 215, namely, whether the Appeals Council of the Administration abused its discretion when it refused to entertain an untimely application on behalf of plaintiff for an administrative review of a decision of a Hearing Examiner of the Administration denying plaintiff's claim.

Under section 205(g) the Court has a right to review to a limited

extent a "final decision" of the Secretary of Health, Education & Welfare, acting through the Administration. Up to the present time there has been no "final decision" of the agency, and the Court has no jurisdiction to consider the merits of the case. If the Appeals Council abused its discretion when it refused to consider the application for review which was filed more than a year after the Examiner's decision,[1] the matter should be remanded to the agency with direction to take such action as will amount to a "final decision" subject to review under section 205(g). If the administrative discretion was not abused when Appeals Council refused to consider the application, the case must be dismissed. Gardner v. Moon and Langford v. Flemming, supra.

Plaintiff is a victim of multiple sclerosis, a progressive disease, which seems to have disabled her physically, and which has impaired her mental faculties to some extent. Since late 1965 or early 1966 she has been a patient in a nursing home in Ola, Yell County, Arkansas. Her work in the past has been that of a legal secretary. Her husband is employed as a poultry inspector by the United States Department of Agriculture.

Plaintiff filed her application for disability benefits on May 5, 1964, and it appears that it may have been incumbent upon her to show an onset of a disability of statutory dimensions as of a time when she still met the coverage requirements of the Act, which may not have been later than December 31, 1950.

Her claim was denied initially at the local level, and she sought and obtained a hearing before a Hearing Examiner. He denied the claim in October 1965. No request for a review by Appeals Council was made until January 16, 1967, when

such a request was filed on plaintiff's behalf by her husband.

On March 27 the Appeals Council "dismissed the plaintiff's request for review because it was not timely filed and she failed to demonstrate good cause for extension of the time for filing her request."[2]

As stated, this Court's jurisdiction is quite limited. In Gardner v. Moon, supra, 360 F.2d at 558–559, the Court said:

"In our view, the sole question for decision is whether the Secretary's determination that claimant had failed to show good cause for an extension of time to request a hearing constituted an abuse of discretion.

\* \* \* \* \* \*

"The regulations do not spell out the criteria or factors to be applied in resolving the question of good cause. But whether or not a claimant has made an adequate showing of good cause is clearly a matter addressed to the sound discretion of the administrative agency. We believe that Judge Brown has aptly stated the applicable principle in Langford v. Flemming, 276 F.2d 215, 219 (5 Cir. 1960):

" 'Good cause by its very nature calls for the evaluation of many subtle factors. Here Congress has given the task to the administrative agency experienced in dealing with claims to decide this in the first instance. And in the absence of an abuse of discretion, we must be bound by the administrative determination " \* \* \* even though the court would justifiably have made a different choice had the matter been before it de novo." See N.L.R.B. v. Fant Milling Co., 1959, 360 U.S. 301, 309, 79 S.Ct. 1179, 1184, 3 L.Ed.2d 1243.'

1. That decision was handed down on October 7, 1965, and plaintiff had 60 days thereafter within which to request review by Appeals Council. 20 C.F.R. §§ 404.-945 and 404.946. However, Appeals Council has broad authority in its discretion and for good cause shown to grant extensions of time and to consider

untimely applications for review. 20 C.F.R. § 404.954.

2. Affidavit of Charles M. Erisman, Chairman of the Appeals Council and Director of the Bureau of Hearings & Appeals, Social Security Administration, filed in support of defendant's motion.

"Courts cannot properly direct or compel an extension of time by the Secretary absent an abuse of discretion or arbitrary or unreasonable action. Rosen v. Celebrezze, D.C.N.D. New York, [254 F.Supp. 280] CCH Unemployment Insurance Reporter, Para. 16, 133 (Jan. 22, 1964), and cf., Bomer v. Ribicoff, 304 F.2d 427 (6 Cir. 1962).

\* \* \* \* \* \*

"Perhaps the District Judge was prompted to reverse and remand for a hearing on the merits because he believed that appellee had shown good cause for an extension of the filing period under 20 C.F.R. § 404.954(a). But the court was not permitted to review the question de novo. The question is, did the Secretary act arbitrarily in denying the request? \* \* "

The record before the Court includes a copy of the application submitted under date of January 16, 1967. That application seems to have been prepared in the District Office of the Social Security Administration in Russellville, Arkansas. It is on an official Administration form.

One of the questions appearing in the application is whether or not the application is being filed within the initial 60-day period. If the answer to that question is in the negative, as was the case here, then the Social Security office is directed to transmit to Appeals Council the claimant's explanation of the delay and "any pertinent letter, material or information in the District Office."

The transmitted application was not supported by any explanation by Mr. Thomas as to why his wife, or he as her representative, had waited 15 months to ask for a review of the Examiner's decision. However, attached to the application was a Report of Contact, dated November 7, 1966, and signed by Mariann T. Young, an employee of the Russellville office.

That Report of Contact, which was evidently considered by Appeals Council in connection with the application, reflects the following facts.

Mr. Thomas visited the District Office in March 1966 relative to his wife's claim and was advised that the time for seeking review had expired. In the course of that visit Mr. Thomas stated that his wife had lost interest in prosecuting her claim but that she was no longer competent to handle her own affairs.

Thomas was given a Form OA–C786 to be completed by a Dr. Draeger. That form was not completed and there having been no further contact with either Mr. or Mrs. Thomas the file was closed on April 6, 1966.

On October 14, 1966, the District Office received a Form OA–C786 executed by Dr. James Pennington, which form was sent to "BDI for association with W/E's file."

On November 7, 1966, the date of the Report, Mr. Thomas called at the office asking if he could take any further action on his wife's behalf. Since the file did not contain any material from which it could be ascertained whether Mrs. Thomas was incompetent Mrs. Young told Thomas that she would recontact him shortly.

Mrs. Young contacted Dr. Draeger and was informed that Mrs. Thomas was competent—that she was severely impaired physically but to his knowledge there was no mental involvement.

Mrs. Young then contacted Dr. Pennington and was given much the same information, that is, Dr. Pennington did not consider Mrs. Thomas to be mentally incompetent although he did consider that her physical impairment "would interfere with her ability to handle funds but she is capable of making decisions and directing her own affairs."

Mrs. Young then recontacted Mr. Thomas and suggested that his wife might want to request a review of the Hearing Examiner's decision and asked that she give an explanation for the delay. Mr. Thomas again insisted that his wife was not competent to manage her own affairs, and that he considered Dr. Pennington's statement sufficient to show incompetency. Thomas stated fur-

ther that his wife's mind "comes and goes"; that sometimes she is quite lucid and at other times is thoroughly confused.

Thomas then asked to be supplied with an application for review. He was told again, as he had been told on March 4, "that his wife's claim was disallowed because she had not met the earnings requirement since 12/31/50 and it has not been established that she was disabled on or before that date."

 In view of the length of delay and in view of the contents of the Report of Contact this Court cannot say that the action of Appeals Council now under consideration was arbitrary, capricious or an abuse of discretion. The Court thinks that it was permissible for Appeals Council to find that the mental impairments of Mrs. Thomas were not sufficiently severe to prevent her from understanding the nature of the proceedings in connection with her claim, her right to review, and the requirement with respect to the time within which such review should be requested, or to prevent her from perfecting a request for review. Appeals Council might have found, and in all probability did find, that as stated by Mr. Thomas in March 1966, Mrs. Thomas had simply lost interest in the matter and had voluntarily permitted her time to seek review to lapse.

There is another factor which might well have entered into the thinking of Appeals Council, although the Court does not know whether it did.. If it was in fact incumbent upon Mrs. Thomas to show that not later than the end of 1950 she was physically unable to follow any substantial gainful activity, it probably would have been very difficult for her to make such a showing in connection with an application filed fourteen years later. By 1964 or 1965 her progressive disease might well have rendered her totally disabled, but it would not necessarily follow that she was so disabled by the end of 1950. Thus, Appeals Council might have thought that to grant a review of the Examiner's decision simply would not do Mrs. Thomas any good.

In a letter to the Court dated August 10, 1967, counsel for plaintiff suggested, as an alternative, the possibility that the case be remanded to the agency for the taking of further testimony, citing in that connection Wray v. Folsom, W.D. Ark., 166 F.Supp. 390. There is no question that in certain circumstances a case of this kind may be remanded for such purpose, but the Court is not inclined to order a remand in this case even if the doubtful assumption be indulged that it has the authority to do so in view of its very circumscribed jurisdiction.

That, however, is not to say that plaintiff and her attorney are not free to ask Appeals Council to give the matter further consideration. Appeals Council may very well still have the authority to consider the delayed application and render a decision on the merits which this Court could review, and Appeals Council might be persuaded to take such action.

The Secretary's motion is based upon the propositions that the Court lacks subject matter jurisdiction and that plaintiff did not exhaust administrative remedies. The Court does have jurisdiction up to a point, and plaintiff in a sense exhausted administrative remedies in that she did try belatedly to get the agency to review the Examiner's decision.[3] In such circumstances the Court thinks it well to construe the Secretary's motion to dismiss as a motion for summary judgment, and to grant it as such.

It is accordingly ordered that the Secretary's motion to dismiss be, and it hereby is, construed to be a motion for summary judgment,. that the same be, and it hereby is granted, and that the complaint herein be, and it hereby is, dismissed.

3. See Judge Brown's remarks in Langford v. Flemming, supra, 276 F.2d at 218.