Ida May BOHN

v.

Robert FINCH, Secretary of the Department of Health, Education and Welfare, the Social Security Administration.

Civ. A. No. 70-132.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Dec. 16, 1970.

John F. McKay, Edwins, Cave & McKay, Baton Rouge, La., for plaintiff.

Gerald J. Gallinghouse, U. S. Atty., E. D. La., Claude J. Aucoin, Jr., Asst. U. S. Atty., New Orleans, La., for defendant.

WEST, Chief Judge:

This action arises under section 205 (g) of the Social Security Act, 42 U.S.C.A. § 405(g), and is brought to secure judicial review of a ruling of the Secretary of Health, Education and Welfare, acting as such through the Social Security Administration, to the effect that plaintiff, Mrs. Ida May Bohn, is not entitled to certain disability insurance benefits provided for in the Act. Pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, the case comes before the Court on the government's motion to dismiss for lack of federal subject matter jurisdiction, the government arguing that plaintiff has not fully exhausted administrative remedies. See generally, K. C. Davis, Administrative Law Text, §§ 20.01–20.10 (1959). The motion was noticed for hearing on November 20, 1970 and following presentation of counsels' oral argument at that time, the case was taken under advisement. For reasons which are now set forth hereafter, it is the opinion of this Court that the government's motion must be granted and the case dismissed for lack of federal subject matter jurisdiction.

The facts are simple enough and apparently undisputed. Plaintiff, a widow, alleges that sometime in 1955 she developed a disabling heart condition, and that ever since, her physical activity has been severely curtailed to such an extent that she has been unable to perform strenuous work of any kind. Sometime in 1959, and again in 1961, she filed separate applications with the Social Security Administration seeking in each an award of disability insurance benefits as authorized by the Act in section 223, 42 U.S.C.A. § 423. For reasons which are not made known in the record, both applications were disallowed and plaintiff apparently elected not to seek judicial review of those decisions. On September 30, 1966, her third application for benefits was approved, although the award was to be effective only as of that date. In April, 1967, she began receiving the first of her disability insurance payments. Thereafter, undeterred by the earlier decisions against her, she again filed an application for disability benefits which she says are due for the period from 1955 to 1967. Once again the Social Security Administration disallowed her claim. On reconsideration, the decision to deny her claim was affirmed. See, 20 C.F.R. § 404.909, § 404.911, § 404.953. Plaintiff then sought and obtained a hearing de novo before a hearing examiner, who, on June 17, 1969, likewise denied her claim. See, 20 C.F.R. § 404.917, § 404.918, § 404.954.

Under the pertinent Social Security Administration regulations outlining claim-submission procedure, plaintiff then had a right to request review of the hearing examiner's adverse decision by an Appeals Council. 20 C.F.R. § 404.945. The regulations specify, however, that such a request for review must be filed within *sixty days* from the date of mailing notice of the hearing examiner's decision, unless for *good cause* shown the Appeals Council grants an extension of time for such action. 20 C.F.R. § 404.-946, § 404.954. The record in this case clearly reflects that on June 17, 1969, plaintiff was informed by certified mail of her right to seek review of the hearing examiner's decision by the Appeals Council. The identical notice was sent to the attorney then representing her, Richard N. Robertson, Esq., of Jeanerette, Louisiana. Nevertheless, it was not until almost six months later, on December 5, 1969, well beyond the sixty day limit mentioned in 20 C.F.R. § 404.946, that she belatedly sought review by the Appeals Council. On March 10, 1970, she was advised, again by certified mail, that the Appeals Council had dismissed her request for review as being untimely filed and for failure to show *good cause* for the delay. Plaintiff then instituted this suit on June 25, 1970.

Federal subject matter jurisdiction is said by plaintiff to rest on sec-

tion 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). That section provides in pertinent part:

"Any individual, *after any final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow   *   *   *." (Emphasis added.)

The government reasons that the statute does not confer jurisdiction in this case simply because plaintiff failed to request *timely* review by the Appeals Council of the hearing examiner's decision. Thus, the argument goes, the subsequent dismissal of her request for review was not a final *reviewable* decision of the Secretary within the meaning of the statute. In other words, in order for a final decision of the Secretary to be reviewable in a United States District Court, the government takes the position that it must be a final decision on the merits, whether rendered as such after a complete review of the hearing examiner's decision or by denying a *timely* request for review so as to make the hearing examiner's decision the final (and reviewable) decision of the Secretary under the provisions of 20 C.F.R. § 404.951. We find no such requirement in the statute. Indeed, if anything, the statute seems to belie the government's position by saying that [judicial] review may be had "after *any* final decision of the Secretary   *   *   *." (Emphasis added.) That being the case, we do not appreciate plaintiff's failure to timely exhaust administrative remedies to mean, necessarily, that there are no circumstances under which she might be entitled to judicial review of the denial by the Hearing Examiner of her claim for benefits.

The very point here in issue has previously been considered at length by the United States Court of Appeals for the Fifth Circuit in Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960). As here, the dissatisfied claimant in *Langford* failed to request timely review by the Appeals Council within the sixty days allowed for doing so in the applicable regulation. 20 C.F.R. § 404.946. As here, the government in *Langford* argued that the Appeals Council's dismissal of the untimely request for review was not a final decision of the Secretary on the merits and hence not subject to judicial review. The Court held otherwise. Judge Brown carefully pointed out that the Appeals Council, for *good cause* shown, is empowered to extend the time within which review of a hearing examiner's decision may be requested. See, 20 C.F.R. § 404.954. The dismissal of a claimant's untimely request, therefore, must mean that the Appeals Council did not find sufficient good cause to warrant an extension. 276 F.2d at 218, n. 4. The Court then held that this decision, failure to show good cause, is just as much a final decision of the Secretary as is a final decision on the merits, and as such is likewise subject to judicial review under the statute. The narrow question presented to the reviewing court in such cases is whether or not there was *substantial evidence* before the Secretary to justify a finding that the claimant did not have good cause to delay seeking review by the Appeals Council. Langford v. Flemming, supra; Gardner v. Moon, 360 F.2d 556 (8th Cir. 1966); Thomas v. Gardner, 273 F.Supp. 885 (E.D.Ark.1967); Clow v. Gardner, 257 F.Supp. 148 (E.D.Wis.1966). "Good cause" obviously being a question of fact, it bears repeating that "[t]he findings of the Secretary as to any *fact*, if supported by substantial evidence, shall be conclusive,   *   *   *." (Emphasis added.) 42 U.S.C.A. § 405(g). We are not unmindful that there are other cases holding that failure to exhaust intermediate administrative remedies precludes *all* judicial review. See, e. g., Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963); Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962), aff'd. 319 F.2d 530 (3d Cir. 1963). Suffice it here to say that these decisions are contrary to the rule laid down in Langford v. Flemming, supra, and thus are not the law in this circuit.

Having held that plaintiff is in fact entitled to judicial review, albeit limited to the narrow issue of *good cause*, it is apparent that the lack of federal subject matter jurisdiction in this case lies elsewhere. Specifically, section 205 (g) of the Act, 42 U.S.C.A. § 405(g), provides that judicial review of any final decision of the Secretary must be sought in a civil action commenced within sixty days after mailing notice of the decision to the claimant. Such notice in this case was mailed to plaintiff on March 10, 1970. This suit, however, was not filed until June 25, 1970, obviously more than sixty days after the notice was mailed. Untimeliness in this instance is fatal. The law is clear that the sixty day period mentioned in the statute is jurisdictional in nature, and failure to file suit within the allowable time extinguishes the cause of action. See, e. g., Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962); Bowen v. Secretary of Health, Education and Welfare, 46 F.R.D. 41 (W.D.Mich.1968); Robinson v. Celebrezze, 237 F.Supp. 115 (E.D.Tenn.1964).

For the foregoing reasons, the government's motion to dismiss is hereby granted. Judgment will be entered accordingly.