Minnie Lee BURGE, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 14012.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 12, 1971.

Aynes, Feldman & Genins, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for defendant.

ORDER

MOYE, District Judge.

In this case, plaintiff is seeking judicial review of the Appeal Council's dismissal of her petition to reopen a prior hearing denying her of Social Security

disability benefits. Defendant has moved to dismiss the complaint on two grounds: (1) the Court lacks subject matter jurisdiction, and (2) the complaint fails to state a claim upon which relief can be granted.

On February 10, 1969, a decision was issued by a hearing examiner with the Bureau of Hearing and Appeals denying disability benefits to the plaintiff. Plaintiff was notified of such decision and of her right to appeal to the Appeals Council within sixty (60) days. Plaintiff failed to file an appeal within the prescribed time period. On January 6, 1970, plaintiff requested, by letter to the Appeals Council, that the prior decision be reopened for "good cause", pursuant to Section 404.957 of the Social Security Administration Regulations (20 C.F.R. 404.957). Plaintiff's request was considered by the hearing examiner on April 3, 1970, and was dismissed. The hearing examiner again considered and dismissed plaintiff's request on June 1, 1970. The Appeals Council reviewed the examiner's decision and advised the plaintiff on July 15, 1970, that the 1969 decision would not be reopened. Plaintiff seeks review by this Court of the Appeal Council's denial to reopen.

Judicial review of Social Security proceedings is regulated by Section 205 of the Social Security Act, as amended, 42 U.S.C. § 405, which provides as follows:

> (g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commended within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides * * *
>
> (h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(g), (h).

It is clear that plaintiff is not entitled to a review of the original denial of benefits (February 10, 1969) as she neither fully pursued her administrative remedies pursuant to Social Security Administration Regulations §§ 404.945 and 404.946 (20 C.F.R. §§ 404.945, 404.946) nor followed the prescribed procedures of § 405(g) of the Social Security Act, *supra*. Plaintiff, however, seeks review of the subsequent decision of the Appeals Council declining to reopen her prior denial of benefits.

A decision not to reopen is not a "final decision" subject to review within the meaning of § 405(g) as several cases have held. Brockman v. Finch, 418 F.2d 116 (9th Cir. 1969); McCunney v. Gardner, 374 F.2d 110 (3rd Cir. 1967); Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). Consequently, the denial to reopen does not fall within that category of Social Security proceedings which Congress has delineated as subject to judicial review. Hence, the Court is without jurisdiction to review the decision under § 405(g).

Despite the preclusion from review under the provisions of the Social Security Act, however, consideration has been given to whether a decision not to reopen is subject to review under § 10 of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701, 702, 704 and 706, providing as follows:

> [E]xcept to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law—
>
> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof.

5 U.S.C. §§ 701(a), 702.

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a Court are subject to judicial review.

5 U.S.C. § 704.

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law   *   *   *

5 U.S.C. § 706.

In Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966), Judge Friendly held that a decision not to reopen "what had become a final and binding determination" was reviewable under § 10 of the APA. *Id.* at 5. The facts in *Cappadora* are not identical to those in the instant case as in that case the claimant had not been afforded a hearing on the merits. The Court, however, reached its decision "apart from any claim of denial of a hearing required by statute." *Id.* To the argument that review under the APA was precluded by § 405(h) of the Social Security Act, *supra*, the Court responded that "the more reasonable construction is that this simply forbids attempts to review final decisions on the merits by any other route other than that provided in § 405(g)." *Id.* The

Court also reasoned that agency discretion with regard to reopening (see 5 U.S.C. § 701(a), *supra*) did not preclude review for the existence of a considerable amount of discretion did "not lead inevitably to a conclusion that such an exercise of administrative power is wholly immune from judicial examination; § 10(e) of the APA [5 U.S.C. § 706, *supra*] expressly authorizes the courts to set aside any administrative decision constituting an abuse of discretion." *Id.*

The reasoning of the Court in *Cappadora* is indirectly supported by the decision of the Fifth Circuit in Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960). In *Langford,* the claimant filed a belated request for review by the Appeals Council of an adverse ruling and attempted to show good cause for her delay in an attached affidavit. (See 20 C.F.R. § 404.-954.) From a determination by the Appeals Council that the claimant had not shown good cause for extension of time to request review and a dismissal of the request, claimant sought judicial review. The Court rejected the argument that the District Court lacked jurisdiction because of no "final" administrative decision and went on to consider the question "whether the refusal by the Appeals Council to extend time and review the merits was unreasonable and arbitrary." *Id.* at 218. Thus, although the ruling appealed from was not strictly within the letter of § 405(g), the Court assumed jurisdiction and granted review.

It is important to note that in both *Cappadora* and *Langford* the review was limited to whether or not the agency action was arbitrary or an abuse of discretion. Neither Court considered a review on the merits of the administrative decision denying the plaintiff benefits. Rather, both Courts limited the scope of review to whether or not a subsequent agency action (related to the denial of benefits) was arbitrary or an abuse of discretion. Such would be the situation in the instant case.

■ On the basis of the reasoning in Cappadora v. Celebrezze, *supra*, this

Court is of the opinion that review under § 10 of the APA is not precluded by the language in § 405(h) of the Social Security Act, *supra*. Also, the decision not to reopen is not so far "committed to agency discretion" that it is beyond review for abuse of discretion. This holding necessarily limits the scope of review to whether or not there was abuse of discretion in the denial of the Appeals Council to reopen the February 10 decision.

It is obvious that efficient administration of Social Security legislation requires well defined procedures which must be adhered to by all parties concerned. At the same time, however, the Courts must not relinquish their duty to maintain the proper bounds of administrative discretion and to protect the rights of individual claimants.

For the foregoing reasons, defendant's motion to dismiss for want of subject matter jurisdiction is denied. Since the complaint alleges facts, which, if proved, may show an abuse of discretion, defendant's motion to dismiss for failure to state a claim is denied. This order is issued without prejudice to defendant's right to move for summary judgment based on the administrative record.