**Paul F. GOODREAU, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–78 ERIE.**

United States District Court,
W.D. Pennsylvania.

Nov. 14, 1986.

W. Gustave McGeorge, Erie, Pa., for plaintiff.

Judith K. Giltenboth, Asst. U.S. Atty., Erie, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

This is a Social Security appeal filed by the claimant after an unfavorable decision by the Administrative Law Judge. The Secretary has filed a Motion to Dismiss, contending that claimant's failure to seek review by the Appeals Council constitutes a failure to exhaust administrative remedies and thereby deprives this court of jurisdiction. Because evidentiary material was appended to the motion, we informed counsel that the matter would be treated as a motion for summary judgment. A response was ordered but none has been forthcoming and so we move to address the issue raised by defendant's motion.

The Act provides for judicial review of the Secretary's "final decision." 42 U.S.C. § 405(g). The Secretary's regulations set forth the administrative procedures which a claimant must exhaust in order to obtain a final decision and entitlement to judicial review. 20 C.F.R. §§ 404.900 et seq. and 416.1400 et seq. The final step in that process is review by the Appeals Council. 20 C.F.R. §§ 404.967–.983 and §§ 416.-1444–.1465.

With few exceptions not apparent here, it is essential to this court's jurisdiction that *all* administrative remedies must have been exhausted. *Tustin v. Heckler,* 749 F.2d 1055, 1063, n. 13 (3rd Cir.1984); *Rankin v. Heckler,* 761 F.2d 936, 941 (3rd Cir.1985). Review by the Appeals Council is necessary to obtain a "final decision" which is subject to review. *Clow v. Gardner,* 257 F.Supp. 148 (E.D.Wis.1966). An unfavorable decision by the ALJ is not a "final decision" within the meaning of the Act and so we are without jurisdiction to entertain this action. *Dingus v. Ribicoff,* 197 F.Supp. 956 (E.D.Ky.1961). For the reasons stated above, we conclude that we are without jurisdiction to entertain this appeal and summary judgment will therefore be entered in favor of defendant.