### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### William S. SHURETT, doing business as Greyhound Terminal, Respondent.

### No. 19784.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1963.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marion Griffin, Atty., Stuart Rothman, Gen. Counsel, Allison W. Brown, Jr., Robert A. Armstrong, Attys., National Labor Relations Board, for petitioner.

Robert T. Thompson, Alexander E. Wilson, III, Atlanta, Ga., Yonge, Beggs

& Lane, Bert H. Lane, Pensacola, Fla., Wilson, Branch & Barwick, Atlanta, Ga., for respondent.

Before BROWN, GEWIN, and BELL, Circuit Judges.

PER CURIAM.

The record before us adequately supports the findings of which Respondent complains, that jurisdiction of the Board was properly asserted; that Respondent refused to bargain with the Union and thereby violated Section 8(a) (5) and (1) of the Act; and that Respondent violated Section 8(a) (1) of the Act by offering inducement and by making a threat of reprisal in an effort to have a strike abandoned. 29 U.S.C.A. § 158(a) (1) and (5).

While we do not condone a practice of a Union striking and picketing an employer within two days after demanding recognition, it nevertheless appears in this case that General Counsel carried the burden of proving that the refusal to recognize the Union as the bargaining ·agent was not in the requisite good faith. Smith Transfer Co. v. N. L. R. B., 5 Cir., 1953, 204 F.2d 738; N. L. R. B. v. Stewart, 5 Cir., 1953, 207 F.2d 8; N. L. R. B. v. Poultry Enterprises, Inc., 5 Cir., 1953, 207 F.2d 522; and N. L. R. B. v. Southeastern Rubber Mfg. Co., 5 Cir., 1954, 213 F.2d 11.

We are aware of and have recognized the dilemma in which an employer finds himself when an Union demands certification prior to an election. See N. L. R. B. v. Dan River Mills, Incorporated, 5 Cir., 1960, 274 F.2d 381. But the small employer here could have hardly been in doubt after a majority of his employees took to the picket line, and after he was fully advised as to the law. Cf. N. L. R. B. v. American Aggregate Co., 5 Cir., 1962, 305 F.2d 559; Scobell Chemical Co. v. N. L. R. B., 2 Cir., 1959, 267 F.2d 922; N. L. R. B. v. Barney's Supercenter, Inc., 3 Cir., 1961, 296 F.2d 91; and N. L. R. B. v. Harris-Woodson Co., 4 Cir., 1950, 179 F.2d 720.

The order therefore must be and is enforced.