**Charles Joseph VIGER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare (Successor to Abraham A. Ribicoff), Defendant.**

**Civ. A. No. 2614.**

United States District Court
E. D. Louisiana.
Baton Rouge Division.
April 10, 1964.

O. Romaine Russell, Baton Rouge, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendant.

WEST, District Judge.

This action is brought under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare, denying old-age insurance benefits claimed by petitioner. The initial hearing in this matter was held on August 17, 1961, before Rex W. Van Atta, Hearing Examiner, Social Security Administration, Department of Health, Education and Welfare. As a result of this hearing, on October 6, 1961, the Hearing Examiner ruled that petitioner "is not entitled to the benefits at this time for which he applied." This ruling of the Hearing Examiner was appealed, and on November 24, 1961, the Appeals Council granted a review of the Hearing Examiner's decision and remanded the matter for the purpose of "holding a supplementary hearing, securing additional documentary evidence, taking additional testimony, and issuing such further supplemental or revised decision as may then be appropriate on the basis of the record as then constituted." A supplementary hearing was held on December 19, 1961, as a result of which, on February 8, 1962, a revised decision was rendered by the Hearing Examiner, holding that "pursuant to authority of Section 205(b) of the Act it is the decision of the Hearing Examiner that based on these findings claimant has not established entitlement to benefits, which affirms the previous decision of the Secretary."

The matter was again reviewed by the Appeals Council, and on March 30, 1962, the Appeals Council modified the findings of the Hearing Examiner only to the extent of holding that petitioner did not, in fact, render substantial service during the months of September, October, and November of 1961, and that he was therefore eligible to receive old-age insurance benefits for those months. In all other respects the decision of the Hearing Examiner was affirmed.

Claimant has been found eligible for old-age insurance benefits of $102 per month beginning October, 1960, the month in which he reached 65 years of age, but the Bureau of Old Age and Survivor Insurance imposed deductions under Section 203(b) of the Act for the last three months of 1960 and sus-

pended benefit payments, under Section 203(h) (3) for all months in 1961 because, in its opinion, it could be reasonably expected that petitioner would have excess earnings during that year. Following the hearings by the Hearing Examiner and the Appeals Council, it was determined that petitioner did have sufficient excess earnings to prevent him from being eligible for old-age insurance benefits except for the months of September, October, and November, 1961.

Petitioner and his son bought a drug store in 1959, which they owned and operated together, each owning a one-half interest therein. Each was entitled to one-half of the profits and assets of the business. Petitioner testified at the hearings before the Hearing Examiner that on January 1, 1961, he transferred to his son four-fifths of his 50 per cent interest in the drug store, thus retaining only a 10 per cent interest in the store and its profits. This, he contended, was done because of the fact that he, petitioner, had been in ill health and was unable to perform his regular services in the drug store, and for the further reason that his son had a family which he could not take care of on a 50 per cent interest in the business. The testimony shows without any question that during the months of September, October, and November, 1961, petitioner was hospitalized and convalescing from illness, and that during those months he did not, in fact, render any substantial service to the drug store. However, at all other times he did continue to work at the store and was, in fact, the only registered pharmacist there, his son not being a pharmacist. In 1961 the store had a net profit of $6,359.88. There is no question but that during the day petitioner did fill prescriptions in the store, and did wait on customers, even though he testified that most of his time was spent merely sitting in the back room of the store while his son actually operated the business. There was, from the testimony, very little, if any, difference in petitioner's participation and activities in connection with the store prior to the time

he allegedly divested himself of four-fifths of his 50 per cent interest and after the time such transfer allegedly took place. As a result of this evidence, the Hearing Examiner concluded that the plaintiff did not, in fact, transfer four-fifths of his 50 per cent interest to his son, but that instead the petitioner was, during the year 1961, entitled to a full 50 per cent of the profits of the business. The Hearing Examiner thus concluded that in the year 1961, petitioner was entitled to 50 per cent of $6,359.88, as his distributive share of the profits, and that such partnership income constituted net earnings from self-employment for deduction purposes, regardless of whether or not he rendered substantial service to the partnership. On this particular point the Appeals Council altered the decision of the Hearing Examiner to the extent of holding that these earnings could not be allocated to months in which no substantial service was rendered by petitioner, but that these earnings would be charged against petitioner for the other nine months of 1961, during which, according to the evidence, it was concluded that petitioner did render substantial service to the business.

There will be nothing gained by remanding this matter for further hearings as requested by petitioner because it is quite obvious that ample hearings have been held in this matter. Both hearings held before the Hearing Examiner have been duly examined by the Appeals Council. The claimant has the burden of proving eligibility for benefits claimed under the Social Security Act, Foster v. Flemming, 190 F.Supp. 908 (N.D.Iowa 1960), and such eligibility must be established by a preponderance of credible, reliable, probative, and substantial evidence. Thurston v. Hobby, 133 F.Supp. 205 (W.D.Mo.1955), 5 U.S.C.A. § 1006. In the course of two hearings and two appeals, the Hearing Examiner found, and the Appeals Council affirmed, the following facts:

(1) Petitioner did, during the entire time in question, with the exception of the months of September, October, and

November, 1961, render substantial services to the drug store from which he derived income.

(2) Petitioner did not, in fact, divest himself of all but 10 per cent interest in the drug store owned by him and his son, but did, in fact, retain a 50 per cent interest in that business, including its net profits.

(3) That petitioner was, in fact, entitled, for the year 1961, to 50 per cent of the net profits as his distributive share of income from the drug store owned by him and his son.

(4) That petitioner's living expenses exceeded the maximum which he could earn during the year 1961 and still claim the benefits of old-age insurance, and yet petitioner was either unable to or did not choose to satisfactorily explain the source of his income over and above that which he claimed he received from the drug store.

(5) That petitioner's distributive share of the income from the drug store was in excess of that which he was entitled to earn and still claim old-age insurance benefits under the Act.

The only question presented to this Court is whether or not there is substantial evidence in the record to support these findings of the Hearing Examiner as affirmed by the Appeals Council.

■ The credibility of the petitioner is at issue in this matter, as certain conflicting testimony was given at the first and second hearing before the Hearing Examiner. When the credibility of witnesses is at issue, the judgment of the Hearing Examiner in that regard is final. National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368 (1941); Larmay v. Hobby, 132 F.Supp. 738 (E.D.Wisc. 1955); National Labor Relations Board v. Poultry Enterprises, 207 F.2d 522 (CA 5 1953). Furthermore, the findings of the Hearing Examiner, together with inferences drawn therefrom, are final and conclusive if supported by substantial evidence. National Labor Relations Board v. Florida Citrus Canners Co-operative, 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed. 829 (1962); Hobby v. Hodges, 215 F.2d 754 (CA 10 1954). It is not for this Court to try, de novo, the fact issues involved. It is only for this Court to determine whether or not the findings of the Hearing Examiner are supported by substantial evidence. Whether or not this Court would have made the same conclusion, from the evidence, as the Hearing Examiner is of no moment. If the Hearing Examiner's conclusions are supported by substantial evidence, then, under the provisions of the Act, this Court must affirm his decision. In this case, the Court is of the opinion that there was ample evidence in the record to support the conclusion of the Hearing Examiner, and thus, his decision must be affirmed. Judgment will be rendered accordingly.