**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PHIL-MODES, INC., and Harold Berlin, d/b/a Berlin Coat Manufacturing Co., Respondents.**

No. 25035.

United States Court of Appeals Fifth Circuit.

May 27, 1968.

Rehearing Denied Aug. 6, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Charles N. Steele, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Michael N. Sohn, Abigail Cooley Baskir, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Emil Corenbleth, Dallas, Tex., for respondents.

David R. Richards, Dallas, Tex., for intervenor, Mullinax, Wells, Mauzy, Levy & Richards, Dallas, Tex., of counsel.

Before RIVES, BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of orders based on findings that the respondent (the named parties, which constitute a single integrated enterprise) violated Section 8(a) (1) and 8(a) (5) of the National Labor Relations Act.[1] 29 U.S.C. § 158(a) (1) and (5).

■ We find substantial evidence to support the Board's conclusion that the respondent violated Section 8(a) (1) by coercing employees to withdraw their union authorization. See NLRB v. Southland Paint Co., Inc., 5 Cir. May 8, 1968, No. 24275, 394 F.2d 717, p. 720; NLRB v. Goodyear Tire & Rubber Co. Retread Plant, 5 Cir. May 6, 1968, No. 24663, 394 F.2d 711, p. 712; Hendrix Mfg. Co.

1. The Board's decision is reported at 159 N.L.R.B. 944 (1966).

v. NLRB, 5 Cir. 1963, 321 F.2d 100; NLRB v. Griggs Equipment Inc., 5 Cir. 1962, 307 F.2d 275.

 Likewise, we find substantial evidence to support the Board's conclusion that the respondent violated Section 8(a)(5) and (1) by refusing to recognize the union on the basis of a clear majority of authorization cards. The respondent does not contend, nor could the record possibly support the conclusion, that the authorization cards were so tainted by misleading solicitation that the number of valid cards constituted less than a majority.[2] Instead, the respondent attempts to convince us that the union majority had been extinguished by voluntary withdrawals not reported to the union before the union-management confrontation and that the refusal to bargain was based on a good faith doubt of union majority. The Trial Examiner and the Board, however, found that the respondent had actively coerced withdrawals in an attempt to break the card majority before the union's request to bargain. The record amply supports the conclusion that, if the respondent had any doubt of a union majority, it could not possibly have been a good faith doubt. See NLRB v. Southeastern Rubber Mfg. Co., 5 Cir. 1954, 213 F.2d 11, 14–15; NLRB v. Quality Markets, Inc., 3 Cir. 1967, 387 F.2d 20, 23–25. See also NLRB v. Goodyear Tire & Rubber Co. Retread Plant, 5 Cir. May 6, 1968, No. 24663, 394 F.2d 711, pp. 712–713; NLRB v. Shurett, 5 Cir. 1963, 314 F.2d 43.

 The respondent asserts two additional points of error: (1) that the General Counsel has failed to prove that the appropriate bargaining unit set out by him in the complaint was correct; (2) that Respondent Berlin was deprived of adequate notice of the trial proceedings. Neither point has merit.

Enforced.

2. In two recent cases our Court has had occasion to analyze this issue in depth. NLRB v. Southland Paint Co., Inc., 5 Cir. May 8, 1968, No. 24275, 394 F.2d 717, pp. 723–732; NLRB v. Lake Butler Apparel Co., 5 Cir. March 25, 1968, 392 F.2d 76, pp. 79–82.