**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PHIL–MODES, INC., and Harold Berlin d/b/a Berlin Coat Manufacturing Co., Respondent.**

**No. 25588.**

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Michael N. Sohn, Abigail C. Baskir, Attys., N. L. R. B., Washington, D. C., for petitioner.

Emil Corenbleth, Dallas, Tex., for respondent.

Before ALDRICH,* GODBOLD, and DYER, Circuit Judges.

GODBOLD, Circuit Judge:

The N. L. R. B. petitions for enforcement of its order issued Feb. 6, 1967,[1] requiring the respondents to bargain col-

---

* Of the First Circuit, sitting by designation.

1. 162 N.L.R.B. No. 136, 64 L.R.R.M. 1303.

lectively with the union [2] concerning changes in wage rates and methods of computing wages; to make whole employees for loss of pay, if any, they may have suffered from a unilateral change in computing wages from a piecework basis to an hourly rate basis; and to cease interference with rights of self-organization.

In NLRB v. Phil-Modes, Inc., et al, 396 F.2d 131 (5th Cir. 1968) this court enforced an earlier Board order based on violations of § 8(a) (1) of the National Labor Relations Act, coercing employees to withdraw their union authorization, and § 8(a) (5) and (1), refusing to recognize the union based on a clear majority of the authorization cards. That case established a duty on respondents to bargain with the union at all times after August 25, 1965. The respondents' actions at issue in this case occurred after August 25, 1965 and prior to the negotiation of a collective bargaining agreement.

■ Pay increases were made to 12 of 15 affected employees. Substantial evidence supports the Board's conclusions that the increases were not pursuant to policy of automatic pay increases with little or no employer discretion, NLRB v. Katz, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed. 2d 230 (1962), and were not isolated individual wage adjustments, White v. NLRB, 255 F.2d 564 (5th Cir. 1958). The finding of a § 8(a) (5) violation in unilaterally granting these increases was therefore proper.

The respondents also changed some employees from a piecework basis to an hourly basis during the time of year that the plant was manufacturing only sample garments to be shown to prospective customers. The Board found this to be a unilateral change in wages about which the respondents were obligated to bargain under § 8(a) (5).

■ We cannot agree from the record before us that a unilateral change in the wages of employees was shown.[3] The evidence shows that the shift to hourly pay during the sample-making period had been effected every year that the respondents had been in operation. While the sample-making period lasted for different lengths of time each year, the beginning, duration, and end of the period were "triggered" each year by the demands of customers, which in turn depended on whether the season for the coats manufactured by the respondents was early or late.[4] There has been no finding that the hourly rate paid during the sample-making period of the year in question was different from that paid in the sample-making period of any other year or even that the total compensation during the sample-making period had varied.

■ The finding that the respondents violated § 8(a) (1) by interrogation of employees is amply supported by evidence.

The order will be enforced in part and enforcement denied in part.

2. International Ladies Garment Workers' Union AFL-CIO.

3. On the issue of the changeover from a piecework to an hourly rate, the Trial Examiner concluded:

Even assuming that Respondents had in years past followed the practice of compensating their regular piecework employees on an hourly rate basis during sample-making periods, their failure to notify or consult with the Union concerning the implementation of this practice in 1966 violated Section 8(a) (5). It is settled law that an employer violates Section 8(a) (5) by changing the wages of employees or other conditions of employment, without giving the employees' statutory representative adequate opportunity to bargain about the change. Such unilateral action is unlawful whether the employment condition that was changed was established before the employees selected a collective-bargaining representative because it is a circumvention of the duty to negotiate which frustrates the objectives of Section 8(a) (5).

This simply begs the question of whether there was a change in wages.

4. It is not contended that the decision to change from regular production to sample-making was other than a management prerogative not the subject of collective bargaining. Compare Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964).