**Roy J. DIXON, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare (Wilbur J. Cohen, Successor), Appellee.**

**No. 12396.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 31, 1968.

Decided Feb. 5, 1969.

David H. Frackelton, for appellant.

William C. Breckinridge, Asst. U. S. Atty. (James P. Brice, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and BUTZNER, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge.

■ Appellant filed application for disability insurance benefits on April 5, 1963 alleging inability to perform work since 1956. The application was denied by the Secretary of Health, Education and Welfare because he was not in an insured status during the required 18 months prior to filing application. After the act removing the 18 months disability requirement, Appellant filed application alleging inability to work since 1949. His earnings record established an insured status expiring on September 30, 1952. Therefore there was placed upon him the burden of establishing disability as of that date. The Secretary found that the proof did not show disability as of the effective date.

The pertinent Social Security Act (42 U.S.C. § 423) provides: "(3) For purposes of this subsection a 'physical or mental impairment' is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. * * * "

The claim was based upon alleged heart trouble, ulcers and spine fracture. The only proof submitted as to such disability related to ulcers and this is the sole basis for the claim.

In support of the claim of disability, there was submitted in evidence statements and opinions of two physicians, Drs. W. O. Griggs and George Keener. Both stated Appellant had been unable to work since approximately 1949 during which year Appellant received injuries from an automobile collision. Both doctors diagnosed the disability as (1) active peptic ulcer 1956 and (2) active peptic ulcer 1962. The Appellant has been a clinic patient at the Holston Valley Hospital but the reports during the year of Appellant's injuries from the collision were no longer available. The record contains reports based upon X-ray examinations made in October, 1956 and March 1962. The first, four years after the alleged date of disability, showed no ulcer crater or typical deformity but it was believed a mild duodenitis might be present. The effect is to negative the existence of the condition alleged to have been present in 1952. The X-ray of March, 1962 revealed a definite deformity of the duodenal bulb from which it appeared Appellant had a duodenal ulcer.

It was contended by Appellant that while his physicians did not diagnose an ulcer until 1956 they did state that Appellant was unable to perform work since 1949. Therefore he argues that those opinions must have been based upon some appropriate findings even though such findings were not available for presentation to the Examiner.

This reasoning is appealing but based upon speculation. Neither physician was called to testify although Appellant was afforded ample opportunity to produce additional evidence.

■ We can not say the findings of the Examiner were not supported by substantial evidence. We find no error of law. It follows that the judgment of the District Court should be affirmed. Laws

v. Celebrezze, 4 Cir., 368 F.2d 640 (1966). Snyder v. Ribeoff, 4 Cir., 307 F.2d 518 (4 Cir. 1962). Cf. Flake v. Gardner, 399 F.2d 532 (9th Cir. 1968).

Affirmed.