**Fannie Mae HENDRIX, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 69–729.**

United States District Court,
D. South Carolina,
Greenwood Division.

Feb. 19, 1970.

514

R. A. Hightower, Blease, Griffith & Stone, Newberry, S. C., for plaintiff.

J. O. Rogers, U. S. Atty., J. D. McCoy, Asst. U. S. Atty., Greenville, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This is an action to review the final decision of the defendant, Secretary of Health, Education and Welfare, denying claimant's application for a period of disability and disability benefits filed pursuant to the Social Security Act, as amended. Judicial review in the form of a civil action is authorized by Section 205(g) of the Act, 42 U.S.C.A. § 405(g) which provides the scope and limits of this action. If the decision of the Secretary is based upon substantial evidence, it must be affirmed; and this court, on review, is limited by the record. Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964).

Claimant filed her second social security application on June 27, 1968, seeking a period of disability and disability insurance benefits based on her own earnings record as a disabled worker, alleging disability due to heart trouble, hypertension and kidney impairments. This application was denied initially and again on reconsideration on the basis that:

"The information which you submitted does not show any new facts about your condition on or before March 31, 1963, when you last met the earnings requirement of the law. Therefore, since the facts are the same as those already considered in a past decision dated August 24, 1966, and since the same law applies, that decision remains in effect."

Prior to filing her second application, claimant had filed an application on June 20, 1968, for widow's insurance benefits by reason of disability based on her deceased husband's earnings record, in which she also asserted her own disability by reason of the above listed impairments. This application, too, was denied initially, and the denial was affirmed on reconsideration because the medical evidence revealed that her impairments did not meet the level of severity provided by law for claimant to be found disabled for purposes of widow's insurance benefits.

With each reconsideration determination of claimant's applications she was advised of her right to a hearing thereon. Subsequently, a hearing was held in connection with both applications on April 23, 1969 at which time she appeared with counsel and two witnesses. Following a *de novo* consideration of the case, the hearing examiner found on May 13, 1969 that claimant was not entitled to a claim of disability with respect to the applications based on her own earnings record, nor to widow's insurance benefits by reason of disability based on her deceased husband's earnings record. Upon her request for review, the Appeals Council issued notice, advising that the hearing examiner's decision was correct and stood as the final decision of the Secretary pursuant to Section 404.951, Social Security Administration Regulations No. 4, 20 CFR 404.951.

Establishment of a disability and entitlement to benefits is a two step process under the Social Security Act as amended First, there must be a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted, or can be expected to last, for a continuous pe-

riod of not less than twelve months;[1] and second, there must be a factual determination that the impairment actually rendered the claimant unable to engage in any gainful employment. Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964). In Underwood v. Ribicoff, 298 F.2d 850, 851 (4 Cir. 1962), the court held that, in determining a particular claimant's condition and ability to engage in substantial gainful activity, the Secretary should consider four elements. These are: (1) the objective medical facts; (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain and disability as found in the testimony of claimant, his or her spouse and neighbors; and, (4) claimant's age, educational background, and work experience.

The record reveals that claimant was born on February 10, 1911 and that she completed the eighth grade in school. Apparently she has had no vocational training as the record is bare in reference thereto. Her husband died on May 4, 1966. Her first employment was that of drawing frame tender for the Kendall Cotton Mills, and she was last employed as an inspector of shirts at Newberry Garments.

■ Considering her application regarding disability status and disability insured benefits based on her own earnings record, it is concluded that claimant has failed in her burden of proving that she was disabled prior to March 31, 1963, the date her insured status expired. The Social Security Act as amended squarely places the burden of proving disability on a claimant, and such proof must come before her earnings requirement under the Act has expired. Her claimant has offered no medical record prior to July 1966 at which time Dr. E. J. Dickett, a general practitioner, reported that he first examined claimant in 1965, two years after she last met the special earnings re-

quirement of the Act; moreover, this was seven years after she stopped working. Dr. Dickert advised that her blood pressure reading was 180/100; that her chest and lungs were clear to percussion and auscultation; that heart examination revealed regular rate and rhythm and no murmurs were heard; and that her extremities and neuromuscular signs were normal. His impression was that plaintiff had hypertensive arteriosclerotic cardiovascular disease, and he recommended antihypertensive drugs. In March 1969 Dr. Dickert again diagnosed hypertensive arteriosclerotic cardiovascular disease, but he classified her 1–A which placed no restrictions on her activities.

The pertinent cases under 42 U.S.C. § 223(d) (1) (A) have clearly established that medical evidence must demonstrate that disabling impairments have rendered a claimant unable to work prior to the expiration of his insured status under the Act as amended. Dixon v. Gardner, 406 F.2d 1035 (4 Cir. 1969). Del v. Cohen, 404 F.2d 1383 (4 Cir. 1968). The burden rests upon a claimant to prove that he is in fact disabled prior to such expiration by medically acceptable clinical and laboratory diagnostic techniques, and without producing such evidence, a claimant has failed in his burden of proof. Since claimant has submitted no evidence which establishes disability prior to the expiration of her insured status, she has therefore failed to prove disability within the purview of the Social Security Act, Section 423(d) of Title 42 U.S.C. as to her application of June 27, 1968 seeking disability as a disabled worker. Therefore, that portion of the Secretary's decision which denies disability pursuant to her own earnings record is affirmed, as it is found to be supported by substantial evidence.

■ Concerning her other application wherein she seeks to establish her entitlement to widow's insurance benefits based on disability, pursuant to 42 U.S.

---

1. 42 U.S.C.A. § 423(d) (1) (A).

**516**

C. § 402(e), the Act requires that a widow claimant must show that her impairments are of such severity as to be disabled "from engaging in any gainful activity." Section 423(d), *supra*, provides that:

"The term 'disability' means (A) inability to engage in *any substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months * * *."

And Section 423(d) (2) (B) provides that:

"For purposes of paragraph (1) (a) a widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in *any gainful activity*." [Emphasis added].

Thus it appears that Congress intended that Section 423(d) (2) (B) be more strictly applied than Section 423 in establishing disability, in that the individual must be precluded under the former Section from engaging in any gainful activity, while under the latter Section one must be unable to engage in any substantial gainful activity.

Furthermore, pursuant to the authority granted to him in Section 423(d) (2) (B), supra, the Secretary has adopted regulations regarding widow's benefits which require that claimants meet certain standards as set out therein. Thus, pursuant to such promulgated regulations, Sections 404.1502, 404.1504, and 404.1539 of Volume 20 of the Code of Federal Regulations, the Secretary basically requires that an individual's impairment or impairments be the medical equivalent of an impairment listed in the appendix to subpart "P" of his reg-

ulations, and further requires that the disability be based on medical evidence demonstrated by medically acceptable clinical and laboratory diagnostic techniques, including a medical judgment furnished by one or more physicians designated by the Secretary relative to the question of medical evidence. Generally, speaking, his listing of impairments includes those which are of a level of severity deemed sufficient to preclude an individual from engaging in any gainful activity and are expected to result in death or to last for a continuous period of not less than twelve months. The court further notes that the requirements regarding a cardiovascular system are as follows:

"Regardless of the cause of heart disease, disability results from one of two principal consequences of the disease. One is congestive heart failure and the other is ischemia or a death, of heart muscle. In diseases of the arteries and veins, disability may result from impairment of a vasculature in the central nervous system, eyes, kidneys, [sic] and extremities. The criteria for evaluating the heart and vascular disorders are expressed in terms of symptoms, signs and laboratory findings." 20 CFR Section 404.1501, App. 4.00.

Further, Appendix 400(c) of 20 CFR § 404.1501, provides:

"Hypertensive vascular disease produces disability when it causes complications in one or more of the four main end organs; i. e., the heart, the brain, the kidneys, and the eyes (retinas). This may occur singly or in combination and to varying degrees in the different end organs."

■ The medical evidence in the record pertaining to claimant's second application indicates that Dr. Dickert found claimant's condition not to be disabling as he placed no restrictions on her activities. Moreover, claimant was examined by Dr. J. K. Stokes, an internist at Greenwood, S. C. on October 1968 at government expense. Dr. Stokes's ex-

amination revealed her heart to be within normal limits, urinalysis did not indicate a serious renal problem, there were no arterial changes in the eyes, and no brain impairment was suggested. Inasmuch as plaintiff's mild hypertension has not produced any effects of the level of severity contained in the listing of impairments in the Secretary's appendix, or as required by the decided cases in this connection it is concluded that claimant's second claim must also be denied, and that the Secretary's decision denying benefits be affirmed, since it is supported by substantial evidence. Let judgment be entered for the Secretary as to both of claimant's applications.

And it is so ordered.