**Mrs. Violet S. HENRY, Plaintiff,**

v.

**Elliot L. RICHARDSON, etc., Defendant.**

**Civ. A. No. 2478.**

United States District Court,
E. D. Tennessee,
Northeastern Division.
Oct. 22, 1970.

David S. Haynes, Bristol, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a judicial review, 42 U.S.C. § 405(g), of the final decision of the defendant administrator, denying the plaintiff's application of January 17, 1968 for widow's insurance benefits, 42 U.S.C. § 402(e), as a disabled widow, 42 U.S.C. § 423(d) (2) (B). The defendant has moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure.

Mrs. Henry claims that she became disabled at age 52 in May, 1965, because of arthritis of her right leg and hip, chronic indigestion, and nervousness. She "* * * shall not be determined to be under a disability (for purposes of section 402(e) * * *) unless * * * her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. § 423(d) (2) (B).

It should be noted that, whereas the test of 42 U.S.C. § 423(d) is that a person be unable to engage in " * * * any substantial gainful activity * *", the test of 42 U.S.C. § 423(d) (2) (B) is that a person be unable to engage in "* * * any gainful activity * * *". Hendrix v. Finch, D.C.S.C. (1970), 310 F.Supp. 513, 514[4]; Frasier v. Finch, D.C.Ala. (1970), Northern District, Middle Division, 313 F.Supp. 160.

The Secretary has promulgated regulations requiring that a claimant for widow's benefits meet certain standards delineated therein. Social Security Administration Regulations No. 4, §§ 404.-1504, 404.1505, 404.1506, 20 C.F.R. 577, § 404.1501 et seq., appendix to subpart P. Thus, Mrs. Henry is entitled to such benefits if she is the widow of an individual who died fully insured, has not remarried, and has attained age 50 but has not attained age 60, and is under a disability as defined in 42 U.S.C. § 423(d) which began before February 29, 1972 (assuming she will attain age 60 in March, 1972). The claim by the plaintiff is that her impairments are of a level of severity which, under the aforecited regulations, are deemed by the defendant to be sufficient to preclude her from engaging in any gainful activity. Mrs. Henry does not claim to engage in any work activity. The evidence shows that Mrs. Henry had in 1965 a severe, displaced fracture of the neck of her right femur. A femoral (Thompson) prosthesis was implanted. Her right lower extremity is ⅜ of an inch longer than her left. Dr. J. G. McFaddin, an orthopedist, was of the opinion in May, 1968 that Mrs. Henry will find it most difficult to do work which required her to stand on her feet a full workday, difficult to climb stairs or walk long distances, but that she is able physically to sit, stand, ambulate at leisure and ride public conveyances. There is other evidence provided by the opinion of an internist that Mrs. Henry is totally disabled from rheumatoid arthritis, and evidence provided by a general practitioner that she is severely crippled. These opinions, however, are not shared by Dr. McFaddin.

Appendix to subpart P, *supra*, § 1.11 provides that the level of severity of an impairment resulting from the fracture of the femur must include: " * * * solid union not evident on x-ray and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset." There is evidence also from the opinion of Dr. Marshall D. Hogan, Jr., a psychiatrist,

that Mrs. Henry suffers from a chronic, moderate neuresthenic neurosis, but that she is mentally competent and without loss of touch with reality or defects in her ability to reason, remember and communicate. Appendix to subpart P, *supra*, § 12.04 requires, *inter alia*, a manifestation of psychoneurosis "* * * by marked restriction of daily activities and constriction of interests and deterioration in personal habits and seriously impaired ability to relate to other people * * *". There is further evidence of a vision defect which Mrs. Henry has corrected by the use of eye glasses.

It was incumbent upon the hearing examiner to resolve the conflicts in the medical evidence. 30 Am.Jur.(2d) 230–231, Evidence, § 1082. There is substantial evidence in this record to support the final decision of the defendant Secretary, that the conditions of the plaintiff do not meet or equal any of the pertinent listings of the appendix to subpart P, *supra*. These findings, being supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Davis v. Gardner, C.A.6th (1968), 395 F.2d 681, 682[1]. Therefore, the motion of the defendant for a summary judgment hereby is granted. Rule 56(c), Federal Rules of Civil Procedure. The plaintiff hereby is denied all relief. Rule 58, Federal Rules of Civil Procedure.