Marion H. Hatley BARNES, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. No. C-69-257.

United States District Court, W. D. Tennessee, W. D.

Nov. 12, 1970.

---

Joe W. Darden, Memphis, Tenn., for plaintiff.

Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., for defendant.

## OPINION AND ORDER

BAILEY BROWN, Chief Judge.

Plaintiff, Marion H. Hatley Barnes, brought this action to obtain judicial review of a final decision of the Secretary denying her claim for a disabled widow's benefits under the Social Security Act. This cause, on motion of the Secretary, has been remanded to him for taking additional evidence, following which the Appeals Council found that plaintiff is not under a disability. This decision of the Appeals Council therefore became the final decision of the Secretary that is before the Court for review.

The cause is before us on the record made in the proceedings in the Department of Health, Education and Welfare. Oral argument and filing of brief by plaintiff have been waived.

Section 223(d) (2) (B) of the Social Security Act (42 U.S.C.A. § 423 (d) (2) (B)) provides that, in order to qualify for benefits as a disabled widow, the claimant must establish that she has a physical or mental impairment or impairments which, under the regulations promulgated by the Secretary, are deemed to be of such severity as to preclude an individual from engaging in any gainful activity. Section 404.1504 of the Social Security Administration Regulations No. 4 (20 C.F.R. 404.1504) provides that a widow may be found to be under a disability only if her impairment or impairments are either listed in the Appendix to Subpart P of the regulations or are, singly or in combination, medically the equivalent of an impairment identified in the Listings of Impairments in the Appendix. Hendrix v. Finch, 310 F.Supp. 513 (D.S.C.1970). Moreover, the medical findings must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques, including a medical judgment furnished by one or more physicians designated by the Secretary, relative to the question of medical equivalence. Social Security Administration Regulations No. 4, §§ 404.1505 and 404.1506 (20 C. F.R. §§ 404.1505 and 404.1506); Hendrix v. Finch, *supra*.

The record confirms that the plaintiff is over 50 years of age and is the widow of a wage earner who died fully insured. However, a comparison of the plaintiff's impairments, as shown by the medical evidence, with the standards set forth in the regulations, makes it evident that her impairments do not meet the level of severity required by the Regulations for entitlement to disabled widow's benefits.

The medical evidence reveals that the plaintiff has had a number of impairments through the years, including a

hernia and hemorrhoids, but that these conditions have been remedied by surgery. A general physical examination by Dr. L. D. Wruble, which included X-rays, electrocardiograms, and laboratory tests has shown that plaintiff's general health is good. Although she may at times be bothered with a skin rash (diagnosed by some doctors as uticaria and by others as neurodermititis), the medical evidence does not show that this impairment meets the level of severity required by the Regulations of the Social Security Administration for entitlement to disabled widow's benefits. Plaintiff's skin impairment is not one of those listed in the Appendix to Subpart P of the Regulations, and a physician designated by the Secretary as provided in Section 404.1505(b) of Social Security Administration Regulations No. 4 (20 C.F.R. § 404.1505(b)), has certified that plaintiff's impairments are not equivalent to those listed in the Appendix to Subpart P of the Regulations.

Credibility findings are the responsibility of the Appeals Council. Celebrezze v. Zimmerman, 339 F.2d 496 (5th Cir. 1964); N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368 (1941); and Viger v. Celebrezze, 228 F. Supp. 224 (E.D.La.1964). It is the province of the Appeals Council, as the trier of the facts, to resolve conflicts in the medical evidence. Brown v. Celebrezze, 347 F.2d 227 (4th Cir. 1965); Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir. 1964); Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Ward v. Ribicoff, 309 F.2d 157 (6th Cir. 1962).

We find and conclude that there is substantial evidence in the record to support the "final decision" of the Secretary that plaintiff is not entitled to widow's insurance benefits pursuant to § 202(e) of the Social Security Act (42 U.S.C.A. § 402(e)), as a disabled widow within the meaning of § 223(d) (2) (B) of the Act (42 U.S.C.A. § 423(d) (2) (B)).

It is therefore ordered that the action be and the same is hereby dismissed.