**Minnie Lee BURGE, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary Health, Education and Welfare, Defendant.**

**Civ. A. No. 14012.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 22, 1971.

---

**122**

Aynes, Feldman & Ginins, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Julian Longley, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This is a civil action instituted by the plaintiff to obtain court review of the Appeal Council's dismissal of her petition to reopen a prior hearing denying her claim for social security disability benefits. Defendant has filed Motion for Summary Judgement based upon the administrative record and has supported his motion by a brief. The plaintiff has not filed a brief in opposition to the motion. The Court has reviewed the record and has given careful consideration to the brief filed by counsel for defendant.

Plaintiff on July 16, 1968, filed an application for Widow's Disability Benefits, based on the earnings record of her deceased husband. The claim was disallowed and the plaintiff within the prescribed period requested an administrative hearing. A *de novo* hearing was held before a hearing examiner at which plaintiff was represented by counsel. The hearing examiner, on February 10, 1969, found, on the basis of hospital records and doctors' reports and a "medical advisor's" testimony, that the plaintiff's impairments of mild diabetes, decreased vision, and chronic duodenal ulcer did not meet the level of severity required by the Secretary's regulations [1] to entitle plaintiff to widow's insurance benefits. Plaintiff was notified of the decision and of her right to appeal to the Appeals Council within sixty days, but plaintiff failed to file an appeal.

Plaintiff secured other counsel, and on January 6, 1970, plaintiff requested, by letter to the Appeals Council, that the prior decision be reopened for "good cause" pursuant to § 404.957 of the Social Security Administration Regulations, 20 C.F.R. 404.957. Plaintiff's request was considered by the hearing ex-

---

1. 20 C.F.R. 404—Subpart P, App.

aminer on April 3, 1970, but was dismissed, the examiner finding that no new material evidence had been submitted which would justify reopening the decision. Plaintiff filed another request to reopen the decision supporting her request with new evidence consisting of copies of hospital records for the period of June 10, 1969, through June 29, 1969, indicating that plaintiff had undergone leg surgery for the opening and drainage of an abscess. The hearing examiner found that the evidence, although "new", was neither material nor relevant to the decision of February 10, 1969, and dismissed the request. The Appeals Council reviewed the examiner's decision and advised the plaintiff on July 15, 1970, that the 1969 decision would not be reopened.

■ Plaintiff then sought review by this Court of the Appeals Council's denial of her request to reopen. Defendant moved to dismiss this action for failure to state a claim and lack of subject matter jurisdiction. In this Court's order of January 12, 1971, 321 F.Supp. 646, defendant's motion to dismiss was denied, and it was held that this Court has jurisdiction to review this matter since review under § 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701, 702, 704 and 706, is not precluded by the language in § 205(h) of the Social Security Act, 42 U.S.C. § 405(h). The order of January 12, 1971, limited the scope of review to whether or not there was an abuse of discretion in the refusal of the Appeals Council to reopen the hearing examiner's decision of February 10, 1969. The Court is not reviewing the February 10, 1969, decision itself

as provided in 42 U.S.C. § 405(g) and (h).[2]

Section 205(a) of the Social Security Act, 42 U.S.C. § 405(a) provides that:

"(a) The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions * * *."

Pursuant to this statute, it is provided in Social Security Administration Regulations, 20 C.F.R. § 404.957 that:

" * * * [A] decision or revised decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, * * * may be reopened:

(a) Within 12 months from the date of the notice of the initial determination, * * * to the party to such determination, or

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination * * * to the party to such determination, *upon a finding of good cause* for reopening such determination or decision, * * *." [Emphasis supplied.]

On January 6, 1970, plaintiff requested the reopening of the decision of February 10, 1969. The initial determination with respect to plaintiff's application for widow's benefits was made on August 14, 1969. The plaintiff being within the four-year period of 20 C.F.R. 404.957(b) had to demonstrate "good cause" to have the decision reopened.

---

2. It is clear that the plaintiff is not entitled to a review of the original denial of benefits (February 10, 1969) as she neither fully pursued her administrative remedies pursuant to Social Security Administration Regulations §§ 404.945 and 404.946 (20 C.F.R. §§ 404.945, 404.946) nor followed the prescribed procedures of § 205(g) of the Social Security Act, 42 U.S.C. § 405:

"(g) Any individual, after any final decision of the Secretary made after a

hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides * * *."

The Regulations provide:

" 'Good cause' shall be deemed to exist where:

(a) New and material evidence is furnished after notice to the party to the initial determination;

\* \* \* \* \* \*

(c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based."

20 C.F.R. § 404.958. The plaintiff basically asserted three propositions upon which "good cause" could be found. First, the plaintiff argued that in the February 10, 1969, decision the only medical evidence submitted was in report form coupled with the testimony of a "medical advisor" and that neither could form the basis of substantial evidence to support an adverse decision. The hearing examiner did not respond to this argument except insofar as he dismissed the request for lack of "good cause." His decision was correct in light of the Supreme Court's decision in Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court in that decision held that not only could written medical reports constitute substantial evidence supporting a finding by a hearing examiner adverse to the claimant, but also the Court saw "nothing unconsitutional or improper in the medical advisor concept."

The plaintiff then argued that an award adverse to a claimant could not be upheld in the absence of a vocational rehabilitation expert's testimony. The hearing examiner again found that "good cause" was lacking in this argument. The February 10, 1969, decision dismissed a claim for widow's disability benefits. 42 U.S.C. § 423(d) incorporated by reference into 42 U.S.C. § 402(e) provides for a stricter test of disability for a widow on her deceased husband's earnings record compared to the test of disability for a disabled worker on his own earnings record. 42 U.S.C. § 423 (d) (2) (B) provides:

"(B) A widow \* \* \* shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless \* \* \* her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in *any gainful activity.*" [Emphasis supplied.]

In order to merit recovery, the claimant for widow's disability benefits must offer sufficient medical evidence to establish the requisite severity of an impairment established by the Secretary's regulations. It is not necessary for the determination of disability under 42 U.S. C. § 423(d) (2) (B) to consider nonmedical factors such as age, education, and work experience. *See,* Frasier v. Finch, 313 F.Supp. 160 (N.D.Ala., 1970), aff'd 434 F.2d 597 (5th Cir. 1970).

The test of disability for a disabled worker is provided in 42 U.S.C. § 423 (d) (2) (A):

"(A) [A]n individual (except a widow, surviving divorced wife, or widower for purposes of section 402 (e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of *substantial gainful work* which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." [Emphasis supplied.]

Under this section of the statute, it may be incumbent on the Secretary to provide vocational testimony to determine if the claimant could engage in "any other kind of substantial gainful work." *See*, Daniel v. Gardner, 390 F.2d 32 (5th Cir. 1968). However, it is clear that such vocational testimony is not required in determining disability or lack thereof sufficient to merit recovery of widow's insurance benefits. *See, e. g.*, Frasier v. Finch, *supra*; Zanoviak v. Finch, 314 F.Supp. 1152 (W.D.Pa.1970); Acosta v. Secretary of H. E. W., 313 F.Supp. 1007 (D.P.R.1970); Hendrix v. Finch, 310 F. Supp. 513 (D.S.C.1970). Therefore the hearing examiner was correct in finding that this argument did not establish "good cause."

The third proposition asserted by the plaintiff was that the copies of hospital records for the period of June 10, 1969, through June 28, 1969, indicating that plaintiff underwent surgery for an abscess, were new and material evidence, establishing "good cause" for reopening the decision. The hearing examiner considered this additional evidence but found that, although new, it was immaterial and irrelevant to the facts and issues determined by the February 10, 1969, decision. This additional evidence would not have changed or affected the determination of whether the impairments of mild diabetes, decreased vision and chronic duodenal ulcer met the level of severity prescribed by the Secretary's regulations. The hearing examiner however went one step further and determined that the new evidence as measured by the standards of disability in the Regulations did not render the plaintiff disabled under 42 U.S.C. § 423(d). Therefore he found that "good cause" was not established as defined by the regulations. The examiner was not in error when he determined that the new evidence submitted was not material to the decision of February 10, 1969, since it was evidence of a condition which did not impair the plaintiff until June 7, 1969, or approximately four months after the decision. For this reason "good cause" for reopening the decision was not shown and no abuse of discretion exists.

After a careful reading of the record, the pleadings and the defendant's brief, this Court is of the opinion that there was no abuse of discretion by the defendant in denying the request to reopen the February 10, 1969, decision. Therefore defendant's Motion for Summary Judgment is granted.